Isaac T. Washburn, Respondent, *v.* Elbert L. Burnham, Appellant.

An action cannot be maintained to cancel, as a cloud upon title, a recorded executory contract for the sale of land, executed by one claiming to act as agent for the owner, upon the ground that the person executing it had no authority; the defect would necessarily appear in any proceeding by one claiming under the contract to enforce it, as he would be required to prove the authority of the agent.

Such a contract however, even if executed by the owner, is not, of itself, an incumbrance or lien upon the lands or a cloud upon the title thereto, and the record of it does not add to its force or validity as such.

The effect of the statutory provision providing for the recording of contracts for the sale of land (1 R. S., 762, § 39), is simply to preserve evidence and facilitate proof thereof. The record is not constructive notice to subsequent purchasers or incumbrancers, and no action can be maintained to cancel it as a cloud on title.

(Argued October 5, 1875; decided November 9, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon the decision of the court at Special Term.

This action was brought to cancel an alleged contract for the sale of certain premises in the city of Yonkers as a cloud upon plaintiff's title thereto.

The complaint alleged, in substance, that plaintiff was the owner in fee of the premises; that one S. C. Lusk assuming to act as agent for Peter E. Radcliff, plaintiff's grantor, while he owned the premises did, without authority, execute a contract in the name of said Radcliff agreeing to sell the premises to defendant, and upon the payment of the consideration expressed therein to convey the same, which contract was acknowledged and was by defendant put upon record with intent to cloud the title of said Radcliff; that defendant well knew that said Lusk had no authority to act.

The court found the facts substantially as alleged, and as conclusion of law held that the contract was null and void; that the record thereof was a cloud upon plaintiff's title, and

that plaintiff was entitled to judgment requiring defendant to execute a release of all claim, right or interest under the contract and to the premises. Judgment was entered accordingly.

*Geo. W. Lord* for the appellant. An executory contract for the sale of land creates no estate in the land, and the record of it is not notice to subsequent purchasers and it is not a cloud upon the title. (*Mulligan* v. *Baring*, 3 Daly, 75; *McWhorter* v. *McMahon*, 10 Paige, 386, 393; 4 Kent's Com. [11th ed.], 516, 530; 2 N. Y. Stat. at Large, 139; 1 id., 714, § 38; *Boyd* v. *Schesinger*, Ct. App., not reported; *Ludlow* v. *Van Ness*, 8 Bosw., 178; *James* v. *Morey*, 2 Cow., 248, 288, 296; *Williams* v. *Birbeck*, 1 Hoff., 359; *Jackson* v. *Roberts*, 1 Wend., 485.) The agent being an entire stranger to the title the record of the agreement was not notice to subsequent purchasers. (*Wood* v. *Dewey*, 16 N. Y., 528; Kent's Com. [11th ed.], 530, note 5; 196, note *e;* *Cook* v. *Travis*, 20 N. Y., 400, 402.)

*Ralph E. Prime* for the respondent. A real estate agent cannot sign a contract unless specially authorized to do so. (2 R. S., 135; *Coleman* v. *Garigues*, 18 Barb., 60; *Glentworth* v. *Luther*, 21 id., 145; *Barnard* v. *Monnot*, 33 How., 440.)

MILLER, J. The plaintiff's claim for relief in this action is based substantially upon a contract for the sale of real estate now owned by him, executed by persons purporting to act as the attorneys of the then owner who was the plaintiff's grantor, and recorded in the county clerk's office, which contract it is alleged is an apparent cloud upon plaintiff's title to said land for the reason that the persons claiming to act in the capacity of attorneys were utterly unauthorized by the owner, and the instrument is not in fact his act and contract. There is no apparent authority in the instrument itself, and the right to act, or want of authority, must depend upon evidence which is outside of the same. The question then arises

whether, upon the facts stated, an action can be maintained by the plaintiff and a judgment obtained for the surrender and canceling of the instrument in question as a cloud upon the plaintiff's title. The reports are full of cases where the question is discussed as to what constitutes a cloud upon title, and the circumstances under which a court of equity will interpose its power to grant relief against the alleged cloud. Without reviewing the authorities it is sufficient to say that the subject is considered in a very recent decision in this court. (*Marsh* v. *The City of Brooklyn*, 59 N. Y., 280.) In that case an action was brought to remove the lien of an unpaid assessment upon lots in the city of Brooklyn for municipal purposes, and the alleged defect was that the premises, which were unoccupied, had been assessed to a person not the owner. It was held that the action could not be maintained, as the defect would necessarily appear in any proceedings by a party claiming under them to establish his title, etc., and that, therefore, the purchaser, to enforce his claim, must show the identity of the owner or occupant with the person named in the certificate of sale. The opinion of the court, by Folger, J., thus states the rule applicable to such a case: " When the claim or lien purports to affect real estate, and appears on its face to be valid, when the defect in it can be made to appear only by extrinsic evidence, which will not necessarily appear in proceedings by the claimant thereof to enforce a lien, there is a case presented for invoking the aid of a court of equity to remove the lien which is a cloud upon the title." The principle here laid down is also supported in numerous decisions of this court in prior cases. (*Scott* v. *Onderdonk*, 14 N. Y., 9; *Heywood* v. *The City of Buffalo*, id., 534; *Ward* v. *Dewey*, 16 id., 519; *Hatch* v. *The City of Buffalo*, 38 id., 276; *Allen* v. *The Same*, 39 id., 386; *Crooke* v. *Andrews*, 40 id., 547; *Fonda* v. *Sage*, 48 id., 173.) Applying the rule cited to the case now considered, it is manifestly evident that the plaintiff has not established a case which entitles him to the relief sought. The instrument in question was a mere contract for the sale of lands, which of

itself would not constitute an incumbrance or a lien upon real estate or a cloud upon the title thereto even if executed by the owner of the land. The record of it in no way added to its force or validity. The only effect of the statutory provisions for the recording of contracts for the sale of lands (1 R. S., 762, § 39) is to preserve evidence and facilitate proof thereof, and the record is not constructive notice to subsequent purchasers or incumbrancers, and no action can be maintained to cancel it as a cloud upon the title. (*Boyd* v. *Schlesinger*, 59 N. Y., 301.) Considering the agreement alone and of itself, it comes far short of establishing any right to a conveyance of this land, which it purports to contract to sell. Perhaps it may be valid as far as it goes, but it contains only a portion of the facts essential to establish a contract of binding force, and is ineffective and insufficient for the purpose of transferring any title of the owner to the purchaser. It is an imperfect, incomplete agreement, and an action brought for a specific performance of it could not be maintained without proof to establish that the attorneys claiming to act on behalf of the principal had power and authority to execute the instrument.

It is entirely plain that the agreement presents no case within the rule cited where the alleged defect can be made to appear by extrinsic evidence, which will not be necessarily shown in proceedings by the claimant to enforce the lien. On the contrary, the evidence introduced to show the authority will and must appear when the claimant undertakes to establish his case. He would not make out a cause of action without proof of authority of the attorneys, and in attempting to show this, the alleged want of authority will be manifest. If authority is shown, then clearly there is no cloud. If there is a failure to show it, then there is no cloud. So that in either contingency no cloud exists. It is scarcely more than necessary to state the fact that the persons claiming to act as attorneys would be bound to show authority as such, to demonstrate that there can be no cloud upon the plaintiff's title. In any effort to sustain a right under the

contract, the alleged defect would be plainly apparent. It would appear in any proceedings of the party claiming under it to establish his right, thus making out a case directly within the rule cited.

From these remarks it follows that there was no cloud upon plaintiff's title, created by the instrument referred to, and that the action brought must fail. The court was in error in refusing the motion to dismiss the complaint, and in holding that the plaintiff was entitled to judgment.

The judgment must, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.