Ingraham, J.
The rule as settled in this state is: “ The purchaser cannot justify his refusal to perform, his contract by a mere captious objection to the title tendered him, nor is it sufficient for him when the jurisdiction of an equity court is invoked to compel him to perform his contract merely to raise a doubt as to the vendor’s title. Before he can successfully resist performance of his contract on the ground of defect of title there must at least be a reasonable doubt ag to the vendor’s title, such as affects its value and would interfere with its sale to a reasonable purchaser and thus render the land unmarketable ” (Hellnigel agt. Manning, 97 N. Y., 60; Schriver agt. Schriver, 86 N. Y., 575). And after a careful examination of this case I cannot see that the existence of the contract made by the plaintiffs’ testator to Mr. Grant raises a reasonable doubt as to the title. The laches of Mr. Grant or his assignor, Mr. Chaffee, would debar them from enforcing the specific performance of their contract.
In the Merchants’ Bank agt. Thompson (55 N. Y., 12), it is said: “ That inexcusable laches and delays will debar a party from the relief which they being absent he might have by the judgment for specific performance. Time, though not ordinarily of the essence of the contract, may become so, if by its effluxion a change of value or other material change of circumstances has been produced. * * * The other rule must be, that if the delay of defendants is unreasonable and inexcusable, it is enough to relieve the unwilling party from the contract.”
It is claimed, however, by the defendant that as against a subsequent purchaser with notice a vendee under a prior contract who has paid part of the purchase-money has a lien on the land, and a second purchaser holds the property subject to such equitable rights, and to support that claim Chase agt. Peck (21 N. Y., 581), and Clark agt. Jacobs (56 Howard’s Practice, 519), are cited. In Chase agt. Peck the court held that a grantor of land had an equitable lien upon the land for the consideration of the grant, and such a lien becomes in *368 effect an equitable mortgage upon the land. I can find no authority in that case for the proposition that a party to a contract for the purchase of land would have an equitable lien for the amount paid on the execution of the contract where he had lost the right to enforce such contract by his own laches.
In Clark agt. Jacobs (supra), judge Van Vorst says “ that sufficient has been decided to recognize and declare that a lien exists in favor of the vendee when the purchase-money or a part of it has been prematurely paid before the conveyance,” but an examination of the cases cited by him to sustain that proposition shows that such a lien has only been sustained where the failure to comply with the contract was the fault of the vendor and not of the purchaser, or where the contract was tainted with fraud on the part of the vendor, and no case has been cited where it was held that where the purchaser had an opportunity to comply with the contract, and liad refused, that a lien existed in his favor for the amount paid. In this case it is not disputed that at the time of the tender of the deed to Mr. Grant plaintiffs had no knowledge of the assignment of the contract to Mr. Chaffee. The record of the assignment was not constructive notice to them ( Washburn agt. Burnham, 63 N. Y., 135).
Under all the circumstances of this case I am of the opinion that if any lien existed in favor of Mr. Grant against the property for the $10,000 paid by him on account of the purchase-money it was destroyed by his laches and by the tender to him of the deed for the conveyance of the property. I think, therefore, that plaintiff’s title to the property is good, and that plaintiff is entitled to judgment for a specific performance of the contract. Under the circumstances, however, I am of the opinion that there should be no costs awarded the plaintiffs.
Judgment is ordered accordingly
Findings and judgment to be settled on notice..