ELKHORN   VALLEY   COAL-LAND   COMPANY,   Appellant, Respondent, *v.* EMPIRE COAL AND COKE COMPANY, Respondent, Appellant.

First Department, March 19, 1920.

**Landlord and tenant — suit to rescind renewal clause in lease brought before expiration of term — such suit may not be maintained as one to remove cloud upon title.**

A suit in equity does not lie to rescind and cancel a renewal privilege contained in a recorded lease upon the ground that such privilege constitutes a cloud upon the title because the lessee has not performed conditions precedent to the right of renewal, where the suit is brought before the term of the original lease has expired and no attempt is made to rescind the original lease.

*It seems*, however, that if the suit were brought to rescind and forfeit the existing lease an entirely different question might arise.

It is immaterial that the lessee is already in possession and at the end of the term might defend an action of ejectment by an answer in the nature of a cross-action to compel the lessor to execute a new lease and thus withhold possession, for should such answer be taken at the expiration of the present lease the courts of the foreign State where the lands are situated could protect the lessor by requiring security, or by a receivership.

Appeal by the plaintiff, Elkhorn Valley Coal-Land Company, from that part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of August, 1919, granting defendant's motion for judgment on the pleadings and dismissing the complaint.

Appeal by the defendant, Empire Coal and Coke Company, from that part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of August, 1919, granting leave to the plaintiff to amend its complaint upon the payment of costs.

*Walter C. Noyes* of counsel [*Joseph M. Gazzam* with him on the brief], for the plaintiff.

*Thomas D. Thacher* of counsel [*Adrian L. Foley* with him on the brief], *Simpson, Thacher & Bartlett,* attorneys, for the defendant.

Smith, J.:

Both parties to this action are West Virginia corporations. The plaintiff executed and delivered to the defendant a lease of certain coal lands in West Virginia for the term of thirty years, with the right to the defendant to demand a renewal of the lease, provided the defendant had complied with all conditions of the lease binding upon it during the first term of thirty years.

This action was brought in 1917. The lease was executed in June, 1891, so that at the time the action was commenced the original term of the lease would not expire for four years. This action is brought by the plaintiff to rescind and cancel the renewal privilege given in the lease on the ground that the conditions precedent to the right of renewal had not been complied with. The amended complaint and the amended answer thereto were served in 1918. The defendant then moved for judgment upon the pleadings which was granted, dismissing the complaint, but giving leave to the plaintiff to amend its complaint upon payment of costs. The plaintiff appeals from so much of the order as dismisses the complaint

and the defendant appeals from so much of the order as grants leave to amend the complaint.

In *Washburn* v. *Burnham* (63 N. Y. 132) it is held: "An action cannot be maintained to cancel, as a cloud upon title, a recorded executory contract for the sale of land, executed by one claiming to act as agent for the owner, upon the ground that the person executing it had no authority; the defect would necessarily appear in any proceeding by one claiming under the contract to enforce it, as he would be required to prove the authority of the agent."

Further, " Such a contract, however, even if executed by the owner, is not, of itself, an incumbrance or lien upon the lands or a cloud upon the title thereto, and the record of it does not add to its force or validity as such."

Further, " The effect of the statutory provision providing for the recording of contracts for the sale of land (1 R. S. 762, § 39), is simply to preserve evidence and facilitate proof thereof. The record is not constructive notice to subsequent purchasers or incumbrancers, and no action can be maintained to cancel it as a cloud on title." The opinion in part reads: " Considering the agreement alone and of itself, it comes far short of establishing any right to a conveyance of this land, which it purports to contract to sell. Perhaps it may be valid as far as it goes, but it contains only a portion of the facts essential to establish a contract of binding force, and is ineffective and insufficient for the purpose of transferring any title of the owner to the purchaser. It is an imperfect, incomplete agreement, and an action brought for a specific performance of it could not be maintained without proof to establish that the attorneys claiming to act on behalf of the principal had power and authority to execute the instrument." (See Clark's Equity, § 414.)

As I construe the instrument executed between these parties, it constitutes a lease of these lands for thirty years with a contract to grant a new lease for another thirty-year term upon certain conditions precedent. The plaintiff does not seek to rescind the contract for the first term of thirty years, but only seeks to rescind and have canceled such part of the agreement as requires the execution of a new lease for thirty years at the termination of the first term, upon the

ground that the conditions precedent have not been complied with.

I am wholly unable to distinguish the principle in this case from the principle in the case cited. If a recorded contract requiring the grantor to convey lands upon conditions named cannot be removed as a cloud upon title, it is difficult to see how a recorded contract requiring an owner to grant a lease for thirty years upon conditions named can constitute a cloud upon title. Every argument which may be urged here to support the right of the court to grant this relief was pertinent to the contention in the case cited. The owner was embarrassed in his sale of the land with this outstanding contract. So here, the owner is embarrassed in the sale or lease of its coal land with this outstanding renewal contract. Extrinsic proof was necessary in the case cited to establish the fact that the contract was of binding force. So here, extrinsic proof is necessary to establish the fact that the conditions precedent to the right to the renewal of the lease have been complied with by the lessee. If the embarrassments to the owner of the land in the case cited were not sufficient to move a court of equity to action, I am unable to see what greater right the owner of the land in the case at bar has to ask a court of equity to intervene in its behalf.

The plaintiff insists, however, that this rule in the *Washburn* case has been to an extent modified by subsequent cases, but the case has never been overruled, although it has been distinguished in cases involving somewhat different questions. Among these cases to which reference is made is the case of *St. Stephen's Church* v. *Church of Transfiguration* (201 N. Y. 1). In that case a sale was made by the defendant, a religious corporation, by order of the court to an individual upon the understanding that the property was to be by him conveyed to the plaintiff, another religious corporation. In defendant's deed was inserted a covenant to the effect that the premises should not be occupied or used for any purposes other than church purposes, and it was further provided that said covenant should attach to and run with the land. This covenant was not authorized by the resolution directing the conveyance of the land and was inserted by the officer of the church directed to execute in behalf of the church of his own motion.

This action was then brought by the plaintiff to whom the property was finally conveyed, to set aside this restriction as a cloud upon the plaintiff's title. This case, therefore, presents the situation of an unauthorized covenant in a deed by which the plaintiff holds title which restrains the use of the property and, therefore, constitutes within all the authorities a cloud upon title which can only be removed by evidence dehors the record. The same condition exists in the case of *Stokes* v. *Houghton* (16 App. Div. 381), in which it was held that a mortgage executed was a cloud upon title, because it created a lien upon the land. The law is there stated: " Whenever a cloud exists upon a title to land equity will interfere to remove it.

" Jurisdiction is refused only when the instrument is insufficient to create any sort of interest in the land, absolute or conditional; and where such an instrument exists *prima facie*, jurisdiction is not refused, although the claimant might himself, in order to take practical advantage of his interest, be forced to resort to extrinsic proof."

Such a situation is also found in the case of *De Kalb Holding Company* v. *Madison Theatre Company* (165 App. Div. 202). In that case the plaintiff sought to be relieved of a restrictive covenant in a lease under which the plaintiff held possession and it was the lease under which the possession was held which constituted a *prima facie* lien upon the land and, therefore, a cloud upon the title. Having in mind now the facts in the *Washburn Case (supra)*, Judge Miller, after stating the principle as held in these cases to which reference has been made, says: "Applying the rule cited to the case now considered, it is manifestly evident that the plaintiff has not established a case which entitles him to the relief sought. The instrument in question was a mere contract for the sale of lands, which of itself would not constitute an incumbrance or a lien upon real estate or a cloud upon the title thereto even if executed by the owner of the land."

If this action were brought to rescind and forfeit the present lease an entirely different question might arise. As an action, however, to rescind a contract for the granting of a new lease after the expiration of the present term of the lease, which constitutes no lien or incumbrance upon the land, its record

is not constructive notice of its existence and such contract is not such a cloud upon the title as equity will remove.

In the case of *King* v. *Townshend* (141 N. Y. 358) it is held that " Equity may interfere to prevent a threatened cloud on title where there appears to be a determination to create such a cloud, and the danger is not merely speculative or potential." In that case a lease had been executed and delivered by the comptroller of the city upon a sale of land for unpaid taxes. It was conceded that the lease was void because the sale included an illegal charge for interest. It was claimed by the defendant, the lessee, that the lease constituted no cloud on the plaintiff's title, as it was ineffective to give a right of possession or establish a title, because no notice to redeem had been given the occupant or owner, and a comptroller's certificate had not been obtained, as required by the statute before the lease could be recorded. (See Laws of 1871, chap. 381, §§ 13–16; Laws of 1882, chap. 410, §§ 943–946.) It was held: " That while, until the certificate was given, no title passed by the lease, and so, it might not constitute an actual cloud, yet it was a decisive step towards it, and a threat and menace to create one in the future, and as the invalidity of the lease did not appear upon its face, the court had juris-diction to grant the relief sought." It will be noted in that case that the lease had been executed and delivered and all that was necessary to create a lien upon the land was the giving of the notices and the obtaining of the comptroller's certificate. If these conditions had been performed the lease, although confessedly invalid, would still have been a cloud upon title. It is held that not having performed the conditions *which the defendant might at any time perform*, this fact did not oust equity of jurisdiction to remove the lease as a cloud upon title. In the case at bar, however, the conditions upon which the defendant might claim a new lease and which are claimed to have been defaulted are not conditions which may at any time be performed by the defendant and thus perfect a lien as under the authority cited.

It has been suggested that this case can be differentiated from the *Washburn* case by the fact that the lessee is already in possession and at the end of his term he could defend an action of ejectment by an answer in the nature of a cross-

action to compel the plaintiff to execute a new lease and thus withhold possession from the plaintiff and thereby embarrass him in the delivery of the possession to either a new lessee or a purchaser. The argument is not entirely without force. If, however, the defendant should make answer to an action for ejectment after the termination of the present term, which should be in the nature of a cross-action to compel specific performance of the covenant to renew the lease, we must assume that the courts of West Virginia would protect the plaintiff as far as might be done, either by security or by receivership, and the distinction urged is not sufficient to take the case out of the authority of the *Washburn* case, which must be deemed to be the law of this State.

Other questions are argued in the briefs of counsel which it becomes unnecessary to consider. It is contended that the complaint contains nowhere any allegation of a threat upon the part of the defendant to claim a renewal of the lease and that such threatened act is a necessary condition to the exercise of the equity power of the court. It is claimed, further, that there are no sufficient special equities shown by the plaintiff to authorize a court of equity to take cognizance of this matter before the termination of the first term contained in the lease, and it is further strenuously urged that this court has no jurisdiction of the action, because the lands in respect of which the lease is executed are situated in the State of West Virginia. If, however, our conclusions be right, that if the land were situated in the State of New York this action would not lie under the authorities cited, it becomes unnecessary to consider these other questions, which have been ably argued by the attorneys for both the contending parties.

The order should, therefore, be modified upon the defendant's appeal by striking therefrom " leave to plaintiff to amend the complaint," and, as modified, should be affirmed, with ten dollars costs and disbursements to the defendant.

CLARKE, P. J., and DOWLING, J., concur.

PAGE, J. (concurring):

I concur in the result upon the grounds that the plaintiff has not shown facts which would entitle it to relief.

If the defendant has failed to keep and perform the covenants of the lease on its part to be performed, the plaintiff can now terminate the lease which would effectually dispose of any right to a renewal. If, as the plaintiff claims, the facts stated should move a court of equity to cancel, at this time, the provision in the lease for a renewal thereof, they would constitute a defense to any action that the defendant might bring to compel a renewal of the lease. The plaintiff, therefore, has a complete and adequate remedy at law.

Order modified as indicated in opinion of SMITH, J., and, as so modified, affirmed, with ten dollars costs and disbursements to the defendant.