(165 App. Div. 202)

### DE KALB HOLDING CO. v. MADISON THEATER CO.

(Supreme Court, Appellate Dvision, Second Department. December 24, 1914.)

1. PLEADING (§ 129*)—FAILURE TO DENY—ADMISSION.

   A failure to deny a part of plaintiff's pleading in an equitable action admitted its truth.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

2. QUIETING TITLE (§ 7*)—CLOUD ON TITLE—COVENANT AS TO USE OF PROPERTY.

   A recorded lease of theater property covenanted that the theater should not charge more than $1 for admission, to prevent its competition within the field then occupied by the S. Theater and for the benefit of stockholders in the lessor theater who were also stockholders in the S. Theater, which covenant was to become inoperative if the S. Theater offered weekly vaudeville performances, or if such stockholders disposed of their stock to the lessor. The S. Theater thereafter offered vaudeville performances. *Held,* that the lessee had an action to cancel the covenant as a cloud on its title.

   [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. § 7.*]

3. QUIETING TITLE (§ 2*)—SCOPE OF REMEDY—REAL ESTATE.

   The equitable remedy to remove a cloud on title is not limited to real estate.

   [Ed. Note.—For other cases, see Quieting Title, Dec. Dig. § 2.*]

4. TRIAL (§ 388*)—FORM OF JUDGMENT—FINDINGS.

   In an action to cancel a covenant in a lease of theater property as a cloud upon the lessee's title, the form of the decision should be an order for judgment without findings of fact.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908–911, 915; Dec. Dig. § 388.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by the De Kalb Holding Company against the Madison Theater Company. From a judgment dismissing its complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Charles A. Brodek, of New York City, for appellant.
John J. Curtin, of New York City, for respondent.

JENKS, P. J. The recorded lease for 21 years of the De Kalb Avenue Theater property, made by defendant to plaintiff's assignor, contained a covenant that the De Kalb Avenue Theater would not charge more than $1 for an admission. The purpose of this covenant was to prevent competition by the said theater with the Shubert Theater in the field *then* occupied by the latter. The reason for the covenant is found in the recital in the lease that some of the stockholders of the lessor were stockholders in the Shubert Theater and did not wish conflict or competition between the two theaters. That such competition was restricted to the field then occupied by the Shubert Theater is shown by the provision that the restriction as to price should become "inoperative" upon the Shubert Theater offering weekly vaudeville performances, and that such restriction was for the benefit of those who were stockholders common to the lessor and the Shubert Theater is shown by the provision that the restriction should be "inoperative" if such stockholders disposed of their stock in the lessor.

[1, 2] This action is brought to cancel that covenant as a cloud on title, in that the said covenant has became "inoperative" by the affirmative act of the Shubert Theater in offering weekly vaudeville performances. The making of the lease in March, 1911, the recording thereof, plaintiff's possession thereunder, and full compliance therewith are admitted; and by failure of denial of a part of plaintiff's pleadings it is established:

"That in the month of April, 1912, and by said change in policy, the performance of so-called 'legitimate productions' ceased in the said Sam S. Shubert Theater and in place thereof 'weekly vaudeville'—that is to say, vaudeville and moving picture shows—were and continuously have been and now are produced in the said theater and that said performances are of the same type and style as have from the outset been and still are produced in the said De Kalb Avenue Theater. That for such performances at the said Sam S. Shubert Theater the charge for tickets has been reduced to 25 cents as the maximum charge, which is the same charge as was and is made at said De Kalb Avenue Theater."

Plaintiff's brief proof was offered to establish that the value of the lease was lessened by the existence of the said covenant. Almost all of that proof was excluded under general objections as to incompetency, immateriality, and irrelevancy. I am inclined to think that some of the proof excluded, if made by a competent witness, was evidence; but, aside from this consideration, I am of opinion that the plaintiff, at the time that the court dismissed it upon the merits, had made out a case for consideration upon the merits.

It is admitted that the lessor has made the covenant inoperative. And yet, if the covenant remain in the lease, then apparently the lessor (for the benefit of the Shubert Theater) can restrict the character of the performances as before of the De Kalb Avenue Theater. Thus apparently the Shubert Theater could invade the province of the latter, as it has done, and at the same time, so far as the restricted price was effective, compel the De Kalb Avenue Theater to compete with it in its new venture. It is entirely possible that with the Shubert Theater as a competitor the De Kalb Avenue Theater would not prove a profitable venture, and that therefore it could not pay the stipulated rent; or its owners might think that it could be made more profitable if it entered another field of enterprise, which was not open to it, unless it could charge more than $1 as an admission fee. If the lessee sought to make a new departure, as if free from the covenant, and yet the covenant remained on the face of the lease in apparent vigor, the lessor might invoke it to break the lease and to eject the lessee. Again, in accord with the terms of the lease, the lessee has deposited $40,000 with the lessor as security, and the lessor has given a mortgage to the lessee as security for the said deposit. With the covenant still in the lease apparently in full force, the lessor might forfeit the security and defend a foreclosure of the mortgage by plea of the covenant. Equitable relief of the character sought may be afforded upon the ground that:

"The deed or other instrument or proceeding constituting the cloud may be used to injuriously or vexatiously embarrass or affect a plaintiff's title." Pomeroy's Eq. Jur. § 1398.

In the language of Kent, C., in Hamilton v. Cummings, 1 Johns. Ch. 517, 524:

"It is immoral for a person to retain a bond, which is useless to him, and an annoyance to others."

The broad and adequate powers of equity are regulated by the circumstances of each case. Hamilton v. Cummings, supra; St. Stephen's Church v. Church of Transfiguration, 201 N. Y. 1, 94 N. E. 191, Ann. Cas. 1912A, 760; Sharon v. Tucker, 144 U. S. 533, 12 Sup. Ct. 720, 36 L. Ed. 532. In the words of Field, J., in the case last cited, affirmative action by the court of equity would be—

"to remove difficulties in the way of owners of property using and enjoying it fully, when, from causes beyond their control, such use and enjoyment are obstructed."

The court is justified in acting upon the application of the plaintiff, if it appeared that there was reasonable ground for his fear of future injury. Holland v. Challen, 110 U. S. 15–26, 3 Sup. Ct. 495, 28 L. Ed. 52; Loring v. Hildreth, 170 Mass. 328, 49 N. E. 652, 40 L. R. A. 127, 64 Am. St. Rep. 301; Pomeroy's Eq. Jur. 1939. It is not enough to stay the court that the lessor has not attempted to enforce the covenant to the hindrance or vexation of the lessee. It does not appear that the lessee has attempted to act as if the covenant was "inoperative." Why should the defendant do more than stand and gaze? At least, it appears that the defendant resists in the court an attempt

to remove the covenant, although defendant's admission is enough to establish that it has rendered the covenant inoperative. No reason is suggested, if the lessee could have secured cancellation by consent, why he has applied to the court for that relief.

[3] Extrinsic evidence is required to establish the inoperation of the covenant. The mere fact that the lessee might prevail against any attempt of the lessor to enforce the covenant, or that the lessee could have an action at law for any injustice done, is not enough to cause the equity court to withhold preventive relief. The lessor might be entirely willing to stand the hazard of litigation, provided it could in the first instance work mischief perforce of the covenant apparently in full force and unimpaired. It is objected that the remedy is limited to real estate. But I do not so understand the rule. Ward v. Dewey, 16 N. Y. 519; Town of Springport v. Teutonia Savings Bank, 75 N. Y. 397; Mayor v. North Shore Staten Island Ferry Co., 9 Hun, 620; Herzig v. Blumenkrohn, 122 App. Div. 756, 107 N. Y. Supp. 570; Spofford v. B. & B. R. R. Co., 66 Me. 51; Pomeroy Eq. Jur. § 1399, and note 4; Id. § 727, and citing cases; Id. § 729; N. Y. & N. H. R. R. Co. v. Schuyler, Cross, etc., 17 N. Y. 592. I think that a lease with such a covenant was not as valuable as a lease free therefrom, under the circumstances of this plaintiff. I am not prepared to say that the proof offered for this purpose was such evidence.

[4] And I suggest that the form of the decision should have been an order for judgment; and that there should not have been findings of fact. McNulty Brothers v. Offerman, 141 App. Div. 730, 126 N. Y. Supp. 755. I think that, while this court could reverse the judgment, and order judgment for the plaintiff, the better disposition of this case is to reverse the judgment, and to grant a new trial, costs to abide the final award of costs. All concur.