---

## WARNOCK UNIFORM CO. v. SILVER et al.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

INJUNCTION ⊗⊶41—REMEDIES—SCOPE OF RELIEF.

Where notes were unenforceable, because obtained without consideration, and because the holders were not holders in due course, the maker is entitled to have the holders perpetually enjoined from negotiating the notes or prosecuting actions to recover thereon, for, notwithstanding he has a defense at law, yet a suit in equity will avoid a multiplicity of suits, and the evidence of the defense might be lost.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 95; Dec. Dig. ⊗⊶41.]

Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by the Warnock Uniform Company against Morris Silver and others. From a judgment for plaintiff, certain defendants separately appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

William E. McReynolds, of New York City, for appellant Silver. William J. Lippmann, of New York City, for appellant Krakower. Virginius V. Zipris, of New York City, for appellant Kobre. H. S. Dottenheim, of New York City, for respondent.

McLAUGHLIN, J. Action in equity to perpetually enjoin the defendants from negotiating certain promissory notes of the plaintiff, or prosecuting actions to recover thereon and to cancel such notes on the

ground of fraud. In March, 1914, one Garifalos obtained from the plaintiff 15 promissory notes, aggregating $6,000, on the representation that he had a line of credit at the Public Bank and the Second National Bank in the city of New York, where he could have the same discounted. It was agreed between plaintiff and Garifalos that when the notes were discounted he would pay over to the plaintiff one-half of the proceeds of each note, retaining the other half for his compensation in the transaction. It was further agreed that Garifalos should return to the plaintiff, within 10 days, all notes which he did not use, and should pay one-half of the amount of all notes which were discounted when they became due. Garifalos' statement as to his credit at the banks referred to was false, and the notes were never discounted by him as agreed, but instead were transferred to third parties, from whom the plaintiff received no consideration whatever.

The plaintiff succeeded in getting back some of the notes, and then brought this action to have the remaining ones, which are in the possession of the defendants, adjudged void and canceled. The defendants Silver, Krakower and Kobre (the appellants) appeared and interposed an answer, alleging as a defense to the action that they were bona fide holders for value. At the trial, plaintiff introduced evidence of Garifalos' fraud, his negotiation of the notes, and rested. The appellants then endeavored to prove that they acquired their respective titles for a valuable consideration, in due course (section 98, Negotiable Instrument Law [Consol. Laws, c. 38]), and in this they completely failed. At the close of the trial the court found, and we all agree there is sufficient evidence to sustain the finding, that the appellants acquired their respective notes with notice of their fraudulent inception, or under such circumstances as would put them on notice of such fact, and directed that they be surrendered for cancellation. It is from a judgment to this effect that the appeal is taken.

[1] The appellants contend that the action cannot be maintained in equity, for the reason that under the allegations of the complaint, and proof, the plaintiff has an adequate remedy at law to any action which might be brought to enforce collection of the notes. As a general rule, where one has an adequate remedy at law, he cannot resort to a court of equity, and, if he does so, it will refuse to exercise its equitable powers. This rule, however, is not of universal application. It has its exceptions, and I think the facts here bring this case within them. The existence of a defense, the risk of losing evidence, or the apprehension of a multiplicity of suits, may not, any of them separately, be a sufficient ground for restraining suits at law upon, or decreeing the cancellation of, written instruments, especially where proof of extrinsic facts is not necessary to establish the defense, yet when all these elements are combined, and extrinsic proof is necessary to establish the defense, a proper case for equitable relief is established. Town of Springport v. Teutonia Savings Bank, 75 N. Y. 397; DeKalb Holding Co. v. Madison Theater Co., 165 App. Div. 202, 151 N. Y. Supp. 85; Metler's Adm'rs v. Metler, 18 N. J. Eq. 270. The notes held by the defendants were obtained by Garifalos from the plaintiff by a fraud practiced upon it. They were obtained for a specific pur-

pose, but instead of using them for that purpose he converted them to his own use. So far as Garifalos was concerned, it was as though he had stolen them. Each of the appellants took them with knowledge of that fact, or with such information as put them upon inquiry, and, had such inquiry been made, it would at once have been ascertained that Garifalos had no right to use them as he did, or the appellants to take them from him. Under such circumstances, I think the plaintiff had a right to resort to a court of equity to have the notes canceled, not only to avoid a multiplicity of suits, but to preserve the evidence establishing that they were not legal instruments in the hands of the defendants.

The weight of modern authority, as I read the decisions, supports the doctrine that a suit may be maintained in equity, under facts similar to those here involved, for the cancellation of written instruments obtained by fraud. The court exercises its equitable powers under such circumstances, for the purpose of affording relief against an invalid executory contract in possession of another, where the invalidity is not apparent upon the instrument itself, and where the defense may be nullified by intentional delay to sue until the evidence in support of it is lost. Fuller v. Percival, 126 Mass. 381. In Hamilton v. Cummings, 1 Johns. Ch. 517, Chancellor Kent, after an examination of the English cases bearing upon the subject, said he was of the opinion that equitable jurisdiction ought to be upheld, whether the instrument were or were not void at law, and whether it be void from material appearing upon its face, or from proof taken in the cause, and he added:

"Perhaps the cases may all be reconciled on the general principle that the exercise of this power is to be regulated by sound discretion, as the circumstances of the individual case may dictate, and that the resort to equity, to be sustained, must be expedient, either because the instrument is liable to abuse from its negotiable nature, or because the defense, not arising on its face, may be difficult, or uncertain at law, or from some other special circumstances peculiar to the case, and rendering a resort here highly proper, and clear of all suspicion of any design to promote expense and litigation."

The plaintiff is entitled to have the notes returned to it, and for that purpose is not obliged to wait until an action at law has been brought against it, when the evidence that the appellants took their notes with notice of Garifalos' fraud may have been lost; nor is it obliged to take the risk of having its credit impaired by having the notes negotiated, or of defending a multiplicity of actions.

I am of the opinion the judgment is right, and should be affirmed, with costs. Order filed.

LAUGHLIN and SMITH, JJ., concur.

INGRAHAM, P. J. (dissenting). The application of the plaintiff to equity for relief is based upon the allegation that the plaintiff issued 15 promissory notes to the defendant Garifalos, which were obtained by Garifalos by fraud; that Garifalos had transferred one or more of the said notes to each of the individual defendants, who

were not bona fide holders of the said notes for value. These notes were all issued in the month of March, 1914, and were payable four or five months after date, and the action does not seem to have been commenced until June, 1915, after all the notes had become due. There was, therefore, no necessity for equitable relief to prevent the holders from negotiating the notes to bona fide holders for value.

There is no dispute but what the facts alleged in the complaint, if true, would be a complete defense to an action to recover upon either of the notes, if the notes had not been negotiated to bona fide holders for value before maturity, and, if they had been so negotiated, a holder would be entitled to recover, notwithstanding the fraud by which Garifalos had obtained the notes. Thus, there had vested in the several transferees of the notes a legal cause of action against the maker of the notes, to which the holders had a right to a trial by jury, and equity has never taken cognizance of such an action, unless there was a danger by a transfer of the note which would create a cause of action on it, or some fact existing which would prevent the maker of the instrument from maintaining the defense when the instrument was sued on. There is no allegation here, nor was there any proof, that there was any danger of the plaintiff's losing any of the evidence which would sustain a defense, and actions had been commenced on some of the notes against the plaintiff in which the facts here alleged were available as a defense.

There is no justification of an appeal to equity on the ground that the action is necessary to avoid a multiplicity of actions. That rule only applies where there is a multiplicity of actions between the parties. As was said in O'Brien v. Fitzgerald, 6 App. Div. 509, 39 N. Y. Supp. 707, affirmed on opinion below in 150 N. Y. 572, 44 N. E. 1126:

"The allegation that a multiplicity of suits will be required in case the plaintiffs have to sue each defendant, joining with him only those who aided him in the wrongful acts which would make them liable, hardly brings the case within one of the class where the court will intervene to prevent a multiplicity of actions against one individual. Here the multiplicity of actions is against a multitude of people, rather than against one person which equity in some cases will enjoin. A man having 100 promissory notes made by different individuals might as well ask to sue all of them in one action, because if he had to bring 100 actions against the 100 individuals he would be required to bring and maintain a multiplicity of suits."

My Brother McLAUGHLIN, in sustaining this judgment, says:

"The existence of a defense, the risk of losing evidence, or the apprehension of a multiplicity of suits, may not, any of them separately, be a sufficient ground for restraining suits at law upon, or decreeing the cancellation of, written instruments, especially where proof of extrinsic facts is not necessary to establish the defense, yet when all these elements are combined and extrinsic proof is necessary to establish the defense, a proper case for equitable relief is established."

It seems to be thus conceded that no one of these facts alone would justify the interposition of a court of equity, and how a combination of bad causes of action can make a good cause of action I do not understand. As before stated, there is no proof of any danger of losing any evidence. The facts upon which this action is based are a com-

plete defense to the notes, if properly pleaded in an action brought to enforce them, and therefore

I think the judgment should be reversed, and the complaint dismissed.

DOWLING, J., concurs.