MORITZ FINKELSTEIN, Respondent, *v.* LOUIS FINE, Appellant, Impleaded with JOSEPH BERG and SAMUEL L. LIPKIN, Copartners Doing Business under the Firm Name and Style of JOSEPH BERG AND COMPANY, Defendants.

Second Department, March 15, 1918.

Bills and notes — delivery of promissory note upon condition that payee deliver goods forming consideration therefor — breach of condition precedent by payee — defense of breach of condition erroneously stricken out — defense available against person claiming to be holder in due course.

Where the maker of a promissory note alleges as a defense that it was delivered to the payee conditionally and upon the agreement that it was not to be deemed to be delivered until certain merchandise was delivered to the maker by the payee, that the delivery of said merchandise was the only consideration for the instrument, and that the payee agreed to hold the note until the delivery of the merchandise but failed upon demand to deliver said goods, the answer pleads the breach of a condition precedent to delivery and not the breach of a condition subsequent.

Hence, in an action upon said note brought by a transferee claiming to be a holder in due course, it was error to strike out said defense and to grant judgment to the plaintiff upon his introducing the note in evidence, for the defendant has the right to show that the plaintiff was not a holder in due course.

Under the facts alleged by the defendant the payee's negotiation of the instrument was a breach of faith or fraud within the meaning of section 94 of the Negotiable Instruments Law.

APPEAL by the defendant, Louis Fine, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of said county on the 5th day

of June, 1917, upon the verdict of a jury rendered by direction of the court disallowing the appellant's counterclaim and granting judgment to the plaintiff.

*Maurice Lefkort* [*Joseph H. Kutner* with him on the brief], for the appellant.

*I. Gainsburg* [*Joseph P. Segal* with him on the brief], for the respondent.

THOMAS, J.:

Two actions on promissory notes were consolidated. The notes were made by the defendant Louis Fine to the order of Joseph Berg & Co. The maker, Fine, set up the defense that the notes were delivered to the payee " conditionally, and upon the agreement that they were not to be deemed in effect or delivered until the said merchandise and all of same was delivered to this defendant, and were given without any consideration whatsoever, other than for the delivery of said merchandise, and the said Berg and Lipkin agreed to hold said notes so delivered conditionally until said merchandise and all of same was actually delivered by them to this defendant." Then follows an allegation that the payee did not deliver " all of the merchandise above mentioned to this defendant, and have refused so to do, although duly demanded." There is a counterclaim to which I will later call attention. After the opening the plaintiff moved to " dismiss and strike from the record the so-called affirmative defense on the ground that it fails to constitute in law a defense to the cause of action herein alleged," and the motion was granted and exception taken. As the counterclaim had been already dismissed, as it should have been, the defendant was defenseless. After such exclusion of the appellant from the issue, the plaintiff offered in evidence the notes and a verdict was thereupon directed. The respondent's argument is that he was a holder of the notes and that as such holder he was, under section 98 of the Negotiable Instruments Law, " deemed *prima facie* to be a holder in due course." But the appellant in his answer denies " knowledge or information sufficient to form a belief as to the truth of the allegations " in the complaint that plaintiff was the owner and holder.

It is true that the plaintiff produced the notes and offered them in evidence, but that was not done until the defendant's answer had been dismissed. Even if it could be inferred that the plaintiff was the holder, and, therefore, the *prima facie* holder in due course, the defendant could meet the presumption so accruing to the plaintiff, but as the answer was dismissed that became impossible. Moreover, it was defendant's right, if he could show that the plaintiff was not the holder in due course, to prove that the notes were delivered to the payee on a condition precedent that had not been performed, but he was deprived of such opportunity. The respondent correctly contends that under section 98 the burden was on the defendants to show that the title of the payee in the notes was defective, but, should the defendant sustain that burden, the plaintiff would be obliged to make more than a *prima facie* case that he had acquired the title as holder in due course. Under section 94 of the Negotiable Instruments Law, the title of the payee was defective if he negotiated the notes " in breach of faith, or under such circumstances as amount to a fraud." But it would be such breach of faith or fraud should the payee negotiate a note in violation of an agreement that he should not do so until he had made full performance on his part. It is clear that the defendant was deprived of his just opportunity. I find no justification for it, provided the answer properly pleads a condition precedent, for which the appellant contends. The respondent contends that the answer pleads a condition subsequent. In my judgment it correctly pleads an unperformed condition precedent to the delivery of the notes.

The judgment of the County Court of Kings county should be reversed and a new trial ordered, costs to the appellant to abide the event.

JENKS, P. J., MILLS, RICH and PUTNAM, JJ., concurred.

Judgment of the County Court of Kings county reversed and new trial ordered, costs to the appellant to abide the event.