NATHANIEL WALKOF, Respondent, *v.* SOL H. STROBER, Trading as EASTERN FURNITURE COMPANY, Appellant.

First Department, March 3, 1922.

**Bills and notes — action by transferee of notes given for purchase price of furniture which were negotiated to plaintiff in violation of agreement not to negotiate before shipping furniture — plaintiff has burden of showing that he acquired title as holder in due course, in good faith and for value, and without knowledge of agreement and violation thereof — mere proof of paying value not sufficient to sustain burden — Negotiable Instruments Law, § 98, applied.**

In an action by a transferee of promissory notes to recover thereon, in which the defense interposed is that the notes were given for the purchase price of furniture with the understanding that they were not to be negotiated before the furniture was shipped to the maker, and that the notes were transferred in violation of that agreement, the burden is upon the plaintiff, under section 98 of the Negotiable Instruments Law, to prove that he or some person under whom he claims acquired the title as a holder in due course, and that burden is not satisfied by proof merely that he paid value for the notes, but he must show also that at the time the notes were negotiated to him he took them in good faith and without notice that they were negotiated in violation of the agreement under which they were given.

APPEAL by the defendant, Sol H. Strober, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of November, 1921, upon the verdict of a jury rendered by direction of the court.

*Drechsler, Orenstein & Leff* [*Max Leff* of counsel], for the appellant.

*Douglass Newman* of counsel, for the respondent.

SMITH, J.:

The action was upon two promissory notes of $2,500 each, made by the Eastern Furniture Company. Sol H. Strober, the defendant, was trading under the name of the Eastern Furniture Company. The defendant gave proof to the effect that these notes were given with the understanding that they should not be negotiated before the shipping of certain furniture, for the purchase of which the notes were given. In violation of this agreement the payee of

the notes transferred the notes without shipping the furniture. The plaintiff claims as *bona fide* holder thereof.

By section 96 of the Negotiable Instruments Law, " A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves." By section 91 of that law, a holder in due course is one who has taken the instrument under certain conditions, among which is: " 3. That he took it in good faith and for value; 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." By section 94, " The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." By section 98, " Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

The transfer of these notes, in violation of the agreement, showed a defect in the instrument, which places the burden of proof upon the plaintiff to show that he was a holder in good faith. (*Finkelstein* v. *Fine*, 182 App. Div. 521.) The plaintiff has not here shown that he took the notes without knowledge of the defect claimed. He has simply shown he paid value therefor. That is not enough to make him a holder in due course, and, without proof of such fact, he could not recover.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.