LINA HOBERG, Respondent, *v.* A. SOFRANSCY, Doing Business under the Name and Style of H. SOFRANSCY COMPANY, Appellant.

First Department, July 6, 1926.

**Bills and notes — action by subsequent holder — defense of fraud in inception, lack of consideration, and that plaintiff acquired note after maturity with knowledge of defects — error to refuse defendant right to cross-examine plaintiff as to her knowledge of defects — error to refuse defendant right to show that note was fraudulent in inception — plaintiff was only witness as to bona fides — her credibility was question for jury — error to direct verdict for plaintiff.**

In an action by a subsequent holder to recover on a promissory note, in which the defense was interposed that the note was fraudulent in its inception, was without consideration, and came into the possession of the plaintiff after maturity with full knowledge of the facts, it was error for the court to refuse to permit the defendant to cross-examine the plaintiff concerning her knowledge as to the alleged defects in the note, or as to facts sufficient to cause her to make inquiry as to possible infirmities in the note, as to her relations with the parties who appeared on the note.

It was error for the court to refuse to permit the defendant to introduce evidence as to the circumstances attending the original delivery of the note, which evidence was offered for the purpose of establishing that the transaction in which the delivery of the note was involved was fraudulent, for the defendant had the right to introduce that evidence which would, when introduced, throw the burden on the plaintiff to establish that she was a *bona fide* purchaser for value.

Since the plaintiff was the sole witness as to the circumstances attending her purchase of the note, and her knowledge or lack of knowledge of defects in the note, her credibility should have been submitted to the jury, and it was error, therefore, to direct a verdict for the plaintiff.

APPEAL by the defendant, A. Sofranscy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of October, 1925, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 16th day of October, 1925, denying defendant's motion for a new trial made upon the minutes.

*Thomas H. Rothwell* of counsel [*Blackman, Pratt & Koehler*, attorneys], for the appellant.

*Henry Epstein* of counsel *Epstein & Smith*, attorneys], for the respondent.

WAGNER, J. The plaintiff instituted this action to recover on a promissory note made by the defendant on September 25, 1921, for $4,185. The alleged payee is the Jeavons Company. The note is claimed to have been given for a valuable consideration

and prior to maturity indorsed for value by the payee to plaintiff and upon maturity duly presented and not paid.

The defendant's answer is a general denial including a denial of the fact that the alleged payee indorsed the said note. Defendant's answer set up a defense that the note was procured by fraud; was delivered by defendant with the name of the payee blank, upon the agreement that the Julian Trade Finance Corporation should be named as payee therein; that without authority the name of the Jeavons Company had been inserted as payee and the note had been improperly diverted; that the defendant received no consideration for the execution and delivery of the said note; that the plaintiff took the note after maturity, with full knowledge of such facts.

After both sides rested, the trial court granted plaintiff's motion for a direction of a verdict in her favor for the full amount of the note with interest.

The improper exclusion of evidence proffered by defendant necessitates the reversal of the judgment and the granting of a new trial.

The Negotiable Instruments Law and the decisions of the courts have firmly fixed the rule that the title of a person to negotiable paper is defective when he obtains it or any signature thereon by fraud or other unlawful means or through any breach of good faith or under circumstances amounting to fraud. To constitute notice of any infirmity, the person to whom it is negotiated must have had actual knowledge of such infirmity or knowledge of such facts that the taking of the note amounted to bad faith. (Neg. Inst. Law, §§ 94, 95, 98, 115.)

Section 98 of the Negotiable Instruments Law states who shall be deemed a holder in due course, and provides: " Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

It is the law that where fraud is shown in the inception of a negotiable instrument, subsequent holders have the burden of proving that they are free from actual or constructive knowledge of the fraud and that they are purchasers for value. (*First National Bank of Cortland* v. *Green*, 43 N. Y. 298; *Vosburgh* v. *Diefendorf*, 119 id. 357; *Canajoharie Nat. Bank* v. *Diefendorf*, 123 id. 191; *American Exchange Nat. Bank* v. *N. Y. Belting & Packing Co.*, 148 id. 698; *Warnock Uniform Co.* v. *Garifalos*, 170 App. Div. 674; Neg. Inst. Law, § 98; 1 Daniel Neg. Inst. [6th ed.] §§ 815–819.)

It is equally well established that if circumstances come to the knowledge of the holder of a negotiable instrument which put him upon inquiry he is chargeable with the knowledge of all the facts such an inquiry would have revealed. (*Gerard* v. *McCormick*, 130 N. Y. 261; *Cheever* v. *Pittsburgh, Shenango & Lake Erie Railroad Co.*, 150 id. 59, 67; *Rochester & Charlotte Turnpike Road Co.* v. *Paviour*, 164 id. 281; *Citizens' Bank of Buffalo* v. *Rung Furniture Co.*, 76 App. Div. 471; *Cohnfeld* v. *Tanenbaum*, 176 N. Y. 126; *Empire State Surety Co.* v. *Nelson*, 141 App. Div. 850.)

A defective title is defined by section 94 of the Negotiable Instruments Law as follows: " The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

Construing sections 94 and 98 of the Negotiable Instruments Law, Judge SMITH of this court, in *Walkof* v. *Strober* (200 App. Div. 104), in which case the payee in violation of an agreement transferred the notes and the plaintiff claimed to be a *bona fide* holder thereof, stated in his opinion (at p. 105): " The transfer of these notes, in violation of the agreement, showed a defect in the instrument, which places the burden of proof upon the plaintiff to show that he was a holder in good faith. (*Finkelstein* v. *Fine*, 182 App. Div. 521.) The plaintiff has not here shown that he took the notes without knowledge of the defect claimed. He has simply shown he paid value therefor. That is not enough to make him a holder in due course, and, without proof of such fact, he could not recover; " and the judgment entered upon a verdict of the jury was reversed and a new trial granted.

Upon the production of a note by the transferee thereof merely a rebuttable presumption arises that such transferee is a holder in due course. When it is shown that the transferor's title was defective, the burden is upon the transferee to establish that he acquired the instrument in due course or that some prior party under whom he claims was a holder in due course. (*Hurst* v. *Lee*, 143 App. Div. 614; *Beck* v. *Maller*, 131 id. 243; *Finkelstein* v. *Fine*, 182 id. 521.)

Also where in an action by the transferee of a negotiable instrument it is shown that the instrument was diverted by the payee or other prior party from the purposes for which it was made, the burden is placed upon the plaintiff to prove that he is a holder in due course or that he acquired his title from such a holder. (*Weiss* v. *Goldberger*, 209 App. Div. 615; *Peterson* v. *Fowler*, 162

id. 21; *Walkof* v. *Strober*, 200 id. 104; *German-American Bank of Rochester* v. *Cunningham*, 97 id. 244; *American Exchange Nat. Bank* v. *N. Y. Belting & Packing Co.*, 148 N. Y. 698; *Nickerson* v. *Ruger*, 76 id. 279; *Farmers' & Citizens' Nat. Bank* v. *Noxon*, 45 id. 762.)

The defendant's answer charges fraud in the inception of the note in suit; that it was issued without consideration. He also denied it was properly indorsed. The defendant was denied by the trial justice the right to have these issues fully tried out.

The plaintiff was the sole witness in her behalf. The defendant's counsel sought to cross-examine her concerning her knowledge of and her relations with the officers of the Jeavons Company, which company defendant claims was improperly inserted as the payee on the note in suit and which is alleged to have indorsed the note in blank. The court refused to permit such inquiry. The plaintiff testified she procured the note from one Max Hart. The defendant's counsel attempted to cross-examine her in respect to her relations with the said Hart, what, if any, inquiries she made about him. She was asked if she had any knowledge of the circumstances under which Hart became the owner of the note. These questions likewise were ruled out. Cross-examination directed to the purpose of eliciting from the witness facts tending to show her knowledge of the circumstances in respect to the inception of the note or facts sufficient to cause her to inquire as to possible infirmities in the note was erroneously refused by the trial court.

The language used by Mr. Justice GREENBAUM in the case of *Vogel* v. *Pyne* (197 App. Div. 633) aptly applies to the instant case. He stated there: " It is, however, apparent from a reading of the record that the learned court failed to realize the importance of affording the defendant Pyne a considerable latitude in cross-examining these two witnesses in order that he might if possible show that they were not holders in good faith and that they had knowledge of the origin and purpose of the notes or at least sufficient knowledge concerning them as to put upon them the obligation to inquire as to the purpose for which they were indorsed by Pyne."

The defendant offered to prove the circumstances attending the original delivery of the note in suit. He claimed that his proffered evidence would establish that the transaction in which the delivery of the note was involved was pregnant with fraud; that except in the hands of a *bona fide* purchaser, the note was a nullity.

The court erroneously excluded all such evidence upon the ground that it is immaterial unless it is shown the plaintiff had knowledge of the fraud.

Proof of the execution of the note by the defendant and its possession by plaintiff raised a presumption that she was the holder in due course. A defendant who is apparently liable on the note is entitled to present proof to establish that it was obtained from him by fraud. If he proves the fraud the burden is cast upon the plaintiff to show that he is a *bona fide* purchaser.

Where such burden was met solely by this plaintiff's testimony as to the circumstances attending her purchase of the note and her knowledge or lack of knowledge of its inception, the credibility of her testimony was for the jury to determine. (*Joy* v. *Diefendorf*, 130 N. Y. 6.)

For the foregoing reasons the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.