disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

THOMAS McDERMOTT, Respondent, v. PATCHOGUE ELECTRIC LIGHT COMPANY, Appellant, and Others, Defendants.— Judgment, amended judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Tompkins, JJ.

FREDERICK J. OSTROW, Respondent, v. RAYSEC CORPORATION, Appellant, and ROY E. THOMPSON, Defendant. (Appeal No. 1.) — In view of the decision in *Ostrow* v. *Raysec Corporation, No. 2 (post, p. 755), decided herewith, the appeal from the judgment and order is dismissed, without costs. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

FREDERICK J. OSTROW, Respondent, v. RAYSEC CORPORATION, Appellant, and ROY E. THOMPSON, Defendant. (Appeal No. 2.) — Order denying motion of defendant Raysec Corporation for a new trial upon the ground of newly-discovered evidence reversed upon the law and the facts and motion granted, with costs to abide the event. We are of opinion that a new trial should be had in the interests of substantial justice. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

MORRIS OXHANDLER, Respondent, v. BERRANS REALTY Co., INC., and JOSEPH BERRAN, Appellants, Impleaded with ADOLPH GOLDBERG, Defendant.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. While this record does not disclose evidence binding on plaintiff of any infirmity in the note based on any condition precedent, nevertheless a question of fact existed for submission to the jury as to the credibility attaching to the plaintiff's testimony that he paid value for the note before its maturity, in view of the circumstances attending upon the payments which he claims to have made and the relation of the bank account out of which payment was made to moneys belonging to the defendant Goldberg, who negotiated the note in question to the plaintiff. (*Hoberg* v. *Sofranscy*, 217 App. Div. 546.) Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

PARADE HOLDING CORPORATION, Respondent, v. THORIA BITTAR, Appellant.— Order, as resettled, enjoining defendant *pendente lite* from interfering with plaintiff's possession affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

MARIA PERRICONE, Appellant, v. ANGELO ABRAMO and VITO SATORO, Respondents.— Judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. To the plaintiff, an invitee (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79), the defendants owed a duty of reasonable care. While they were subject to no statutory duty to keep the hall lighted, the jury might have found that the hallway was so dark that one could not safely proceed without feeling along the wall, and that under those conditions one of the defendants entered the cellar leaving the door between the top of the cellar stairs and the hallway open. We think this made the question of defendants' negligence one for the jury. As to the plaintiff's duty, the proof is that she was familiar with the surroundings, that in her previous visits she always found the cellar door closed and proceeded, feeling her way along the wall, but upon the occasion in question, the door having been left open, she was precipitated into the cellar. We think this presented a question of fact as to whether or not she was