JOHN C. GLAS, Respondent, *v.* HARRY F. SALHOFF, Appellant.

Fourth Department, June 29, 1932.

*Kenneth W. Glines,* for the appellant.

*Robert P. Galloway* and *Glenn W. Woodin,* for the respondent.

PER CURIAM. There is testimony in the case from which the jury might have found that the defendant owned the building; likewise there is testimony from which the jury could have found that plaintiff owned it. Instead of submitting this question to the jury, the learned trial court directed a verdict for the plaintiff and sent the question of damages only to the jury. This was error. The court evidently labored under the erroneous impression that ownership of the building rested in the plaintiff as matter of law. The record discloses that both plaintiff and defendant regarded the buildings as personal property and they produced testimony in support of their respective claims of ownership solely on that theory. The solution of the question of ownership depends on the credibility of the witnesses and is on this record a matter for a jury to determine. (*Joy* v. *Diefendorf,* 130 N. Y. 6; *Hoberg* v. *Sofranscy,* 217 App. Div. 546, 550; *Brown* v. *James,* 2 id. 105, 108.)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.