PHILIP BERNSTEIN, Respondent, v. ABRAHAM KRITZER and Another, Defendants, Impleaded with LOUIS KRITZER, Appellant.

First Department, November 2, 1928.

*Aaron Cutler* of counsel [*Jerome Weinstein* with him on the brief; *Jay Winston*, attorney], for the appellant.

*J. Jacob Hahn* of counsel [*C. Edward Benoit*, attorney], for the respondent.

MARTIN, J. Forty-eight causes of action are set forth in the complaint herein, each on a non-negotiable promissory note executed by the defendant, appellant, for the sum of $250 and made payable to plaintiff. The causes of action are all alleged in identical form and contain the usual and necessary allegations of a cause of action on a promissory note.

The defendant Louis Kritzer in his amended answer denies plaintiff's allegations to the effect that he made and delivered the notes in question for a valuable consideration and that the notes have not been paid; and also interposed a separate and distinct defense which in substance alleges that at plaintiff's request and for his accommodation, defendant signed in blank a series of papers which are the basis of plaintiff's action, receiving no consideration therefor, and that it was agreed between plaintiff and said defendant that the latter was not to assume any obligation and was not to be held liable thereon.

The 48 notes sued upon are part of a series of 104 notes signed by defendant Louis Kritzer, alleged to have been delivered in payment of 252 shares of stock of the Chelsea Auction Rooms and Art Galleries, Inc., each of the par value of $100. The sale of the stock and the making and delivery of the notes are set forth in an agreement under seal dated June 16, 1926, entered into between plaintiff and defendant. That agreement provides for the sale of the stock for $26,000. The purchase price was to be evidenced by 104 non-negotiable and non-interest bearing notes, each in the sum of $250, which notes were to be indorsed by Abraham Kritzer and Augusta Kritzer. It was further agreed that the shares of stock were to be delivered by plaintiff to Rachael Kritzer, appellant's wife, to be held in escrow by her, and to be released by her in sets of two, as each note of $250 was paid by Louis Kritzer.

The plaintiff also alleges that he fully performed the agreement; that the notes were executed in the manner provided by the agreement, and the plaintiff delivered the 252 shares of stock to Rachael Kritzer in escrow for Louis Kritzer; that twenty-two notes aggregating $5,500 were paid according to their tenor. Eighty-two notes remain unpaid, forty-eight of which have matured and were unpaid at the time the action was instituted.

Demands were made for payment of the notes, but without result. The respondent says the defendant pleaded business reverses as a reason for his failure to pay. One hundred and fifty dollars were paid by the defendant with his own check. The plaintiff says that after many demands were made, an offer to pay all outstanding notes by means of a transfer to plaintiff of a parcel of real estate owned by the defendant was rejected.

The defendant not only denies all liability on the notes, but also denies that he ever offered to transfer any real property to plaintiff in payment thereof.

The parties to this transaction are father-in-law and son-in-law. The facts alleged in the moving papers by the son-in-law are most emphatically denied by the father-in-law. There is no doubt that one of the two has committed perjury. The granting of the motion stamps the allegations of the father-in-law as false. He states that the whole transaction grew out of an attempt to defraud creditors of a corporation, and that the transfer of the stock was to bring about such a result. He points to the fact that the notes were non-negotiable, were not interest-bearing notes and were to be paid one each month as he received his salary from the corporation, in keeping with the arrangement made at the time he signed the notes.

In the case of *Curry* v. *Mackenzie* (239 N. Y. 267) the Court of Appeals said: " There must be a failure on the part of the defendant to satisfy the court ' by affidavit or other proof ' that there is any basis for his denial or any truth in his defense. The case must take the usual course if less than this appears. To justify a departure from that course and the award of summary relief, the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried."

We are unable to say which one of the parties to this action is stating the truth. That one is not there can be no doubt. The credibility of the affiants in such a case is for the jury. (*Tidewater Oil Sales Corp.* v. *Pierce*, 213 App. Div. 796; *Karpas* v. *Bandler*, 218 id. 418; *Vogel* v. *Pyne*, 197 id. 633, 637.) When the facts are fully developed at the trial and the whole testimony fully disclosed by the testimony, it may be that a jury would take a very different view of the situation and may possibly be able to decide whether the father-in-law or the son-in-law is telling the truth.

The judgment and order should be reversed, with costs, and the motion denied.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and motion denied.