ELIZABETH MORRIS, Respondent, *v.* ALBANY HOTEL CORPORATION, Defendant, and THE TEN EYCK COMPANY, INC., Appellant.

Motion to dismiss appeal denied. Order for summary judgment, and summary judgment, reversed on the law and new trial granted, with costs to the appellants to abide the event. Hill, P. J., Crapser and Bliss, JJ., concur; Rhodes, J., votes

to dismiss the appeal on the ground that the order is not appealable. (See *Cambridge Valley Nat. Bank* v. *Lynch*, 76 N. Y. 514.) Heffernan, J., dissents, with a memorandum.

HEFFERNAN, J. (dissenting). I dissent and vote to affirm the order appealed from. I agree with Mr. Justice Rhodes that the order is not appealable, but I go further. It seems to me that this action is not prohibited by section 1077-b of the Civil Practice Act. Section 1077-a provides in substance that foreclosure actions shall not be begun during a specific period solely by reason of the non-payment of principal. This is not intended, however, to relieve the mortgagor from any other default. Section 1077-b enacted a similar provision against actions on bonds. That section is quite ambiguous. It provides that no action may be maintained on a bond or guaranty thereof when the action cannot be maintained to foreclose the mortgage, *i. e.*, when taxes and interest are not in default. In the next sentence it provides that no such action shall be maintained on a guaranty on a bond so long as interest is paid. This section should receive a sensible construction. The entire theory of moratorium legislation was to prevent foreclosure on the sole ground of non-payment of principal. It seems to me that it would be ridiculous to hold that when default occurs in the payment of taxes the mortgagor is liable to suit and the guarantor is not. Concededly taxes are past due here. Obviously the security of plaintiff is being steadily impaired by the accumulation of annual taxes amounting to practically $70,000. I think the order of the Special Term is right on the merits and should be affirmed.