AIRFLOW TAXI CORPORATION, Respondent, Appellant, v. C. I. T. CORPORATION Appellant, Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: Since the affidavits present triable issues of fact, particularly on the question as to whether or not the defendant ever sold the taxicabs, the motions for summary judgment were properly denied. (*Dwan* v. *Massarene*, 199 App. Div. 872; *Friedman* v. *Universal Mercerizing Co.*, 238 id. 805.) The credibility of the affiants is for the jury. (*Bernstein* v. *Kritzer*, 224 App. Div. 387.) We are not required to and do not now pass upon the validity of the alleged agreement dated May 9, 1938, and marked " Exhibit B." All concur. (The order denies defendant's motion for summary judgment and denies plaintiff's cross-motion for summary judgment.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

CHARLES E. STEVENS, Doing Business Individually and under the Trade Name of CRYSTAL CITY MOTORS, Respondent, v. COMMERCIAL INVESTMENT TRUST CORPORATION and C. I. T. CORPORATION, Appellants.— Order denying defendants' motion for a compulsory reference reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and matter remitted to the Special Term to appoint the referee; order denying defendants' motion to compel filing of books, records, etc., marked as exhibits before the referee, affirmed, with ten dollars costs and disbursements. Memorandum: Under the complaint, bill of particulars and affidavits it is established that in relation particularly to the first, second and third causes of action alleged in the complaint accounts between the parties will necessarily have to be examined and it is made to appear that no difficult questions of law will have to be determined. For these reasons a reference should be ordered. As to the order requiring certain documents, books, vouchers, etc., to be filed, it does not appear that the defendants have been denied or will be denied access to them at reasonable times and until there is a showing of some such interference by the plaintiff with defendants' access, the requisite of filing should not be imposed. All concur. (One order denies a motion for a compulsory reference, and the other order denies a motion that plaintiff be compelled to file certain exhibits, in an action for damages for breach of a contract.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

JULIA DOBIN, Respondent, v. STEPHEN DOBIN, Appellant.— Judgment affirmed, without costs of this appeal to either party. All concur. (The judgment awards plaintiff a decree of separation, with alimony.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

WILLIAM TERPENING, Appellant, v. MARY AUBREY, Respondent.— Orders affirmed, with costs. Memorandum: On the motion for a new trial, the correctness of the finding of the jury that the plaintiff was free from negligence presented a question of fact for the trial justice to resolve. We find that he did not abuse his discretion in the determination which he made. All concur. (The orders set aside the verdict of a jury in favor of plaintiff and grant a new trial in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.