First Trust & Deposit Company, Appellant, v. T. Ashley Dent, Respondent. — Order reversed, without costs of this appeal to either party, and motion denied, without costs. Memorandum: We think the affidavits read by the plaintiff on the motion to dismiss the complaint and for summary judgment raised a triable issue of fact on the question as to whether or not the defendant remained continuously absent from the State of New York for the space of one year or more. (Civ. Prac. Act, § 19.) The credibility of the affiants is for the jury. (*Bernstein* v. *Kritzer*, 224 App. Div. 387, 389; *Airflow Taxi Corporation* v. *C. I. T. Corporation*, 258 id. 857; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22.) The plaintiff was not required to establish its defense to the motion by a preponderance of proof. The plaintiff's affidavits show that the issue as to the continuous absence of the defendant from the State for one year or more is " not feigned but genuine." (*Connor* v. *Commercial Travelers M. A. Assn. of America*, 247 App. Div. 352, 353.) We are not required to decide, and we do not decide, any other question presented by the affidavits read on the motion. All concur. (The order grants defendant's motion for summary judgment on the pleadings in an action on a promissory note.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

Mary Lincoln Candies, Inc., and Others, Respondents, Appellants, v. The Department of Labor of the State of New York and Others, Appellants, Respondents.— Judgment affirmed, without costs of this appeal to any party. All concur, except Cunningham and Dowling, JJ., who dissent and vote for reversal in part in the following memorandum: The portion of the order providing for the so-called " Guaranteed Wages " has been held invalid. The unfortunate selection of a name for this portion of the order has evidently led to confusion as to its purpose. In fact, it does not provide for guaranteed wages, but what it does do is fix a minimum weekly wage. The statute authorizes this to be done. It seems to us that the only question is whether the amount fixed for minimum weekly wage is reasonable. The statute requires the amount fixed to be sufficient to provide a living wage for the employees who are affected by the order. When we take this into consideration, we must instantly realize that this portion of the order is not unreasonable. We are in favor of upholding all of the order of the Commissioner. (The judgment adjudges Directory Order No. 3 governing minimum wages in the confectionery industry is valid and reasonable except that portion designated III and entitled " Guaranteed Wages," which portion is adjudged to be unreasonable and invalid and not a compliance with article 19 of the Labor Law, and modifying the determination of the Board of Standards and Appeals accordingly.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ. [175 Misc. 399.]

Joseph Salacuse, Respondent, v. Ona J. Wagner and Others, Appellants, and Henry A. Luick and Others, Defendants.— Judgment affirmed, with costs. All concur. (The judgment dismisses defendants' counterclaim and awards plaintiff interlocutory judgment of foreclosure.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.