FRANK BOOMHOWER, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Third Department, May 5, 1948.

*Arthur B. Lanphier,* attorney for appellant.

*Whalen, McNamee, Creble & Nichols,* attorneys for respondent.

DEYO, J. The action was brought for personal injuries pursuant to the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51). The answer, in addition to a general denial, sets forth as an affirmative defense a release executed by the plaintiff on March 30, 1946. The motion for summary judgment was made by the defendant pursuant to subdivision 8 of rule 113 of the Rules of Civil Practice on the ground that the release constituted a defense founded upon facts established prima facie by documentary evidence, thereby **making it incumbent upon the plaintiff** to show by affidavit or other proof, facts " * * *

sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence * * *.''

Answering affidavits were interposed wherein the plaintiff alleged that he signed the instrument on March 30, 1946, relying upon the statement of defendant's claim agent to the effect that the instrument was a receipt for lost wages, and denying that the plaintiff at any time knew or was told that he was signing a release. A triable issue was thereby raised which could not be disposed of upon a motion for summary judgment. (*Goldston* v. *Quaker Oats Co.*, 272 App. Div. 158, motion for leave to appeal denied, 272 App. Div. 978.) The defendant, however, did not permit the matter to rest there. It submitted additional affidavits to which were annexed statements purportedly executed by the plaintiff on April 23, 1946, and October 22, 1946, wherein the fact of settlement and the giving of the release were reiterated and confirmed. The plaintiff did not respond to these allegations, and it is primarily because of this omission that the defendant contends it was entitled to summary judgment. The Special Term so held on the authority of *Lederer* v. *Wise Shoe Co.* (276 N. Y. 459). That case establishes the principle that a motion for summary judgment made by the defendant where the defense is founded upon documentary evidence as in this case, is not subject to the various limitations found elsewhere in rule 113, but the court therein was careful to point out in granting summary judgment that there was no issue '' with respect to the verity and conclusiveness '' of the documentary evidence relied upon (pp. 462, 464).

In the case at bar such issue was raised by the plaintiff in his answering affidavits, and although he may experience considerable difficulty at the trial in explaining away the two later statements attributed to him, he was under no obligation to again deny the primary factor upon which the defense is based, i.e., the release. These statements are cumulative only, and although evidentiary of the fact that the plaintiff had released his cause of action, they inject no new element not already raised by the original moving papers. An issue of fact being present, summary judgment must be denied. (*Airflow Taxi Corp.* v. *C. I. T. Corp.*, 258 App. Div. 857.)

Order granting defendant's motion for summary judgment dismissing the complaint and the judgment entered thereon should be reversed on the law and facts, with $10 costs and disbursements.

HILL, P. J., and HEFFERNAN, J., concur with DEYO, J.; FOSTER, J., dissents in the following memorandum in which BREWSTER, J., concurs: I dissent and vote to affirm. To raise a triable issue of fact I think the plaintiff was bound to make some explanation of written admissions, twice made after he concededly signed the original release. His failure to do so leaves no issue with respect to the verity and conclusiveness of the documentary evidence relied upon by the defendant (*Lederer* v. *Wise Shoe Co.,* 276 N. Y. 459).

Order granting defendant's motion for summary judgment dismissing the complaint and the judgment entered thereon reversed on the law and facts, with $10 costs and disbursements.