CLAYTON A. WELCH et al., Doing Business as I. T. & C. A. WELCH & SONS, Respondents, v. DUDLEY D. CAMPBELL, Appellant.— Appeal from an order of the Supreme Court, Otsego County, granting partial summary judgment. The action is on a note signed by appellant and another person as makers. It was a joint note in form and defendant is therefore liable for the entire obligation. One counterclaim alleges that in transactions with plaintiffs defendant had bought on conditional sales contracts goods for $1,500 or less and that the notes did not conform with the provisions of section 64-a of the Personal Property Law as to the size of type used and form of the instruments. The proof before the court showed, however, that the purchases were for business use and such a use is not within the protection of the statute. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ. [197 Misc. 165.]

MARY A. RILEY, as Administratrix of the Estate of FRANK L. RILEY, Deceased, Respondent, v. SOUTHERN TRANSPORTATION COMPANY, Appellant.— Appeal from an order of Special Term of Supreme Court, Warren County, denying defendant's motion for summary judgment pursuant to subdivision 3 of rule 113 of the Rules of Civil Practice. The action is to recover for the wrongful death of plaintiff's intestate alleged to have occurred when the tugboat *Menominee*, upon which he was employed, was sunk by shell fire from a submarine on March 31, 1942, while proceeding along the east coast of the United States. The answer pleaded the Statute of Limitations and a prior adjudication of the issue. The action is brought, and must be brought, pursuant to the Jones Act (U. S. Code, tit. 46, § 688). Defendant's moving papers present uncontroverted documentary proof that a previous action between the identical parties for the same cause of action was brought in the United States District Court for the Southern District of New York. While there are some slight differences in the complaints in the two actions, there can be but one cause of action growing out of the death of plaintiff's intestate. (*Luce* v. *New York, C. & St. L. R. R. Co.,* 213 App. Div. 374, affd. 242 N. Y. 519.) The result of the action in the United States District Court was that a summary judgment, pursuant to rule 56 of the Federal Rules of Civil Procedure, was granted to defendant and an order made dismissing the cause of action for wrongful death, which stands unreversed (90 F. Supp. 842). This decision of a court of competent jurisdiction, finally adjudicating the same issue between the same parties, constitutes a bar to the present action. (*Bannon* v. *Bannon,* 270 N. Y. 484.) The contention of respondent that an "order" granting summary judgment does not constitute a "judgment" is without merit. It is in no sense interlocutory. It finally disposes of the action and determines the issues between the parties and, as long as it stands unreversed, is as final and conclusive as a judgment after trial. Respondent also challenges the sufficiency of the moving papers because they do not aver "that the action has no merit". A defendant's motion for summary judgment based upon documentary evidence and official record is not subject to the limitations and requirements necessary for types of action set forth elsewhere in rule 113. (*Lederer* v. *Wise Shoe Co.,* 276 N. Y. 459; *Boomhower* v. *New York Central R. R. Co.,* 273 App. Div. 557.) Order appealed from reversed on the law, without costs, and judgment directed in favor of the defendant dismissing the complaint, without costs. Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ., concur.