J. Clarence Herlihy, J.
This is a motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice, made by the defendant upon the ground that the plaintiff’s alleged cause of action is barred by res judicata and that the oral agreement alleged in the complaint is unenforci'ble by reason of the Statute of Frauds (Personal Property Law, § 85). The complaint alleges an oral contract, by the terms of which the defendant is alleged to have agreed to sell to the plaintiff and the plaintiff agreed to purchase from the defendant the plant receipts of milk of the Clinton County Dairymen’s Co-op ■Association, Inc., from April 1, 1954 to October 31, 1954, the plaintiff alleging that the defendant breached the contract by failing and refusing to deliver to the plaintiff the plant receipts of milk for the period from May 1, 1954 up to and including October 31,1954 by reason of which the plaintiff claims damages in the sum of $84,171.46. The answer of the defendant in addition to a general denial contains an affirmative defense alleging that the action is barred by a judgment upon the merits recovered by the defendant against the plaintiff in an action based upon the same alleged cause of action, entered in New ■York County on January 11, 1956 from which no appeal was taken by the plaintiff. Defendant pleads as a second affirmative defense the Statute of Frauds, section 85 of the Personal Property Law, by reason of the fact that the contract alleged by the plaintiff was required to be in writing and did not comply with the terms of said statute.
The price structure of the milk in question is somewhat complicated due to the fact that the basic price is fixed by the market administrator and the only item left for negotiation by the parties is that of “ handling costs ”. It appears that the plaintiff was purchasing the said milk receipts from the defendant which in turn purchased them from the Clinton County Dairymen’s Co-op Association, Inc., from November 1, 1953 through March 31, 1954 under an agreement dated August 3, 1953 which fixed the ‘1 handling costs ” up to and including March 31, 1954 as aforesaid. It was understood between the parties that the “ handling costs ” from April 1, 1954 up to October 31, 1954 were to be the subject of negotiation during *277 March, 1954. Such negotiations did not result in any agreement. It appears that the defendant, during the month of April, 1954, continued to supply the plaintiff with milk and when it became apparent that no agreement could be reached upon the “handling costs”, the defendant terminated the delivery of such milk as of the end of April, 1954. In the prior action pleaded by the defendant as a bar to the present action, the plaintiff, Champlain Creameries, Inc., pleaded a written contract for the entire period from November 1, 1953 to October 31, 1954. Upon the defendant’s moving for summary judgment in the prior action, the court examined the documents which were submitted and found that the submission is replete with documentary proof in addition to the basic writing that no agreement was reached as to the period left open to further negotiation and which is the subject of plaintiff’s claim ”. The court, in the prior case, granted summary judgment and at the same time, denied the cross motion by the plaintiff to amend its complaint to allege an oral agreement. The plaintiff did not appeal from the judgment entered upon the order directing summary judgment nor did it appeal from the order denying its cross motion to amend its complaint. The time to take such an appeal has long since expired and therefore the facts as found by the court in the prior action are conclusive and binding upon the parties.
It appears from the moving papers submitted upon the instant motion that the defendant herein has brought an action in the New York County Supreme Court to recover the sum of $2,709 as the alleged “ handling costs ” for the month of April, 1954, which apparently have never been paid by the plaintiff herein to the defendant. It appears that the fixed costs for said period amounting to $110,629.51 have been previously paid by the plaintiff herein to the defendant upon direction of the Commissioner of Agriculture and Markets but that the commissioner having no jurisdiction over the “ handling costs ” could not direct these to be paid.
A reading of the opinion of Mr. Justice Feakk in the prior action (147 N. Y. S. 2d 480) reproduced in full in the moving affidavit of B. Paul Q-ladson, attorney for defendant, indicates that the court found not only that there was no written contract between the parties for the period which was the subject of the plaintiff’s claim in that action and in the present action, but also found that there was no contract at all, written or oral, between the parties for such period. Therefore the facts in that case are not open to dispute herein, the plaintiff having failed to appeal from the decision of the court and the judgment *278 and order entered thereon. (Riley v. Southern Transp. Co., 278 App. Div. 605.)
The claim of the plaintiff herein that the bringing of a separate action by the defendant to recover its alleged ‘ ‘ handling costs ” for the month of April, 1954 lifts the bar of res judicata is entirely without merit. It is true that a party may waive the benefit of the estoppel of a former judgment and likewise that a judgment is conclusive upon the parties only in respect to the grounds covered by it and the facts necessary to uphold it (Rudd v. Cornell, 171 N. Y. 114). The bringing of the new action by the defendant herein to recover its “ handling-costs ” is in no way inconsistent with the judgment upon the prior action and does not destroy the bar of res judicata. It is no waiver of the estoppel as plaintiff contends. (50 C. J. S., Judgments, § 598; Ripley v. Storer, 309 N. Y. 506.)
The sufficiency of the action to recover such ‘ ‘ handling-costs ” is not before this court and has no effect upon the present motion.
Likewise the bar of the Statute of Frauds (Personal Property Law, § 85) is not affected by the delivery of milk by the defendant to the plaintiff during the month of April, 1954 since the prior determination of Mr. Justice Frahk that no contract existed between the parties for the period in question vitiates any claim by the plaintiff that the delivery of milk during the month of April constituted part performance which would take the alleged contract out of the Statute of Frauds. Since we are bound by the prior determination that no contract existed, either written or oral, part performance could not create a contract where none existed. (See Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304.)
The affirmative defenses raised by defendant in its answer are sufficient in law, as found upon examination of the affidavits and other exhibits before the court, and defendant is entitled to judgment in accordance with rule 113 of the Buies of Civil Practice dismissing the complaint of the plaintiff, with costs. (Riley v. Southern Transp. Co., 278 App. Div. 605, supra.)
Submit order accordingly.