Mario Pittoni, J.
The plaintiff’s motion for summary judgment in this personal injury action is denied.
The plaintiff’s car was standing still, behind another, when the defendant’s car hit his and propelled it into the car in front.
The defendant operator admits that this happened, but states the following: She saw the plaintiff’s ear at a standstill when about 60 to 70 feet away; she took her foot off the gas pedal and applied her brake; her car however did not slow down; she kept on applying her brakes; but the car kept going forward and struck the rear of the plaintiff’s. When she started to apply her brakes she was going about 15 miles per hour and at the time of the impact about 10 miles per hour.
The defendant also says that she had driven her car about 40 miles that day, had made many stops, and noticed nothing wrong with her brakes.
An ambulance was called and took the defendant and her mother, a passenger in her ear, to the hospital. The plaintiff was able to walk away from the scene of the accident.
On this state of facts there is an issue of fact that prevents summary judgment. For one thing, negligence may not be *671 inferred from the mere fact that the ear in. the rear strikes the car ahead (Zwilling v. Harrison, 269 N. Y. 461). For another, the credibility of the defendant’s statement cannot he determined on affidavits (Di Donna v. Sachs, 9 A D 2d 576 [3d Dept.]; First Trust & Dep. Co. v. Dent, 263 App. Div. 1058 [4th Dept.]; Bernstein v. Kritzer, 224 App. Div. 387 [1st Dept.]). It cannot be said that the defendant operator was negligent, on her statement, as a matter of law.
Under the circumstances the motion for summary judgment must be denied. (Sillman v. 20th Century-Fox, 3 N Y 2d 395, 404; Falk v. Goodman, 7 N Y 2d 87.)