Mario Pittoni, J.
The plaintiff’s motion for summary judgment in this personal injury action is denied.
The plaintiff claims that his car was stopped on the Long Island Expressway when the defendant’s car struck his car in the rear.
The defendant admits the collision, but states: It was about 4:40 p.M.; the traffic was heavy and it was “stop and go” *688 for several miles; they were traveling about 20 miles per hour just before the accident; the plaintiff stopped; the defendant applied his brakes, but the car kept on going even though Ms foot pedal went a)ll the way to the floor; and Ms car Mt the plaintiff’s back end. Upon inspection the defendant found that the brake line containing the brake fluid had split and the fluid was leaking out. He also states that his car had been checked at a New York State inspection station about three weeks before.
The plaintiff argues that the defendant’s contention should not be believed. However, so long as the defendant’s contention may be believed by a jury of reasonable persons there is an issue of fact. The credibility of witnesses may not be weighed on affidavits submitted on a motion for summary judgment (Di Donna v. Sachs, 9 A D 2d 576 [3d Dept.]; First Trust & Dep. Co. v. Dent, 263 App. Div. 1058 [4th Dept.]; Bernstein v. Kritzer, 224 App. Div. 387 [1st Dept.]).
The plaintiff argues also, and is supported by dictum in another case that the defendant’s statements are unworthy of belief when not supported by the statement of a qualified méchame. However, the plaintiff has submitted no authoritative citation which holds that testimony at a trial similar to the affidavit of the defendant would be insufficient or unworthy of belief unless corroborated by the testimony of a qualified mechanic. If the defendant’s testimony would raise an issue of fact at the trial, it raises an issue of fact on a motion for summary judgment. We must keep such a test in mind.
The plaintiff’s contention that another Justice has granted a motion for summary judgment in a fairly similar situation is met by the language of the Court of Appeals that1 ‘ To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & Sons v. City of New York, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where the issue is ‘ arguable ’ (Barrett v. Jacobs, 255 N. Y. 520, 522); ‘ issue finding, rather than issue-determination, is the key to the procedure ’ (Esteve v. Avad, 271 App. Div. 725, 727).” (Sillman v. 20th Century-Fox, 3 N Y 2d 395, 404; also Falk v. Goodman, 7 N Y 2d 87.)
One more thought: When it takes so much space to argue facts and credibility, there is sure to be an issue of fact. Motion deMed.