Mario Pittoni, J.
The plaintiffs’ motion for summary judgment in this action for personal injuries is denied.
The plaintiff claims that she was injured when the defendant’s car, which she was entering, started suddenly in a backward direction and knocked her down. Previous to the accident the defendant had stopped his car, put the “push button ’ ’ of the automatic transmission in neutral and had turned around in his driver’s seat to help the passengers, including the plaintiff, enter his car. Then the accident happened.
The plaintiff contends that the defendant was negligent in not putting on his emergency brake before the accident and in not having had the automatic transmission checked and fixed after a prior incident. However, the defendant states that after the prior incident he had the automatic transmission checked and the condition corrected, and that he had no further trouble or difficulty of that nature until the accident in issue.
The credibility of these affiants may not be determined on their affidavits (Di Donna v. Sachs, 9 A D 2d 576 [3d Dept.]; First Trust & Dep. Co. v. Dent, 263 App. Div. 1058 [4th Dept.]; Bernstein v. Kritzer, 224 App. Div. 387 [1st Dept.]).
Thus there is an issue of fact as to whether the defendant acted as a reasonable prudent person and in the exer-eise of reasonable care under the circumstances of this case.
*661 A further observation is called for; the motion papers and brief are so garrulous and verbose that the contentions have been difficult to understand. Legal documents presented to the court should be clear, coherent, cogent and concise. Motion denied.