M. W. ZACK METAL COMPANY, Appellant, *v.* FEDERAL INSURANCE COMPANY, Respondent.

First Department, October 23, 1962.

*Anthony B. Cataldo* for appellant.

*Joseph J. Magrath, III,* of counsel (*Bigham, Englar, Jones & Houston,* attorneys), for respondent.

*Per Curiam.* This is an appeal from an order entered June 2, 1961 which denied plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

This is an action upon an insurance policy to recover for alleged damage to a shipment of steel.

On or about January 19, 1960, defendant issued a certificate of insurance pursuant to the terms of an open policy previously issued, which insured plaintiff in respect to the steel against all risks of physical loss or damage from any external cause. Only rust was excluded from coverage. The steel shipment originated in Zurich, reached Antwerp, Belgium, and was shipped from there January 12, 1960, arriving in New York on February 10, 1960.

Plaintiff claims the steel was damaged upon arrival and, in its original complaint, sought damages of $41,545.84. The defendant, answering the complaint, admits the policy and notice of the alleged damage. It asserts that it arranged for "an inspection by an independent surveyor who found that 4 out of the 93 coils might be considered damaged." It otherwise denies generally the claim of damage to the cargo.

In support of its motion for summary judgment plaintiff submitted, *inter alia*, a bill of lading dated January 14, 1960, setting forth goods "clean on board", a report of the survey made of the steel on the quay at Antwerp, Belgium, to the effect that when inspected the visible part of the coils was in good condition; and also an affidavit by the inspector, allegedly made from notes taken at the time, that the steel was in sound condition when inspected and attesting to the truth of the inspector's statement. Plaintiff also submitted a receipt of Foreign Trade Zone Operators, Inc., dated February 16, 1960, which under "Exceptions" noted "All coils rusty and more or less dented, straps broken."

The defendant, in addition to its answer, submits certain affidavits and copies of letters. A letter dated February 19, 1960, from Lee & Co., insurance adjusters and marine surveyors (who surveyed the steel at defendant's request), to plaintiff, referring to its inspection of February 16, 1960, states their opinion, the coils were "in good condition except for some bending of the projected edges of the sheet as it is coiled, due apparently to handling in transit," in their view a condition "not abnormal" in view of the many handlings of the steel.

Plaintiff asserts various statements by Dauncey of Lee & Co., Inc., that steel was extensively damaged and that there was a discussion concerning settlement at a substantial loss percentage, which Dauncey by affidavit denies and says damage was at most minimal at the time of the first inspection. Defendant, in its attorney's affidavit, does not admit that even the four coils were damaged during the insured transit and asserts the claim arises

because the steel arrived at the end of the steel strike and because of the sudden availability of American steel at lower prices. Defendant asserts this is merely an effort to recoup losses caused by market conditions.

Plaintiff abandoned the steel by letter dated March 17, 1960.

The decisive consideration here is whether there exists a triable issue of fact. (*Werfel* v. *Zivnostenska Bank*, 287 N. Y. 91, 93.) And if the defense is shown to be arguable it cannot be said that there is nothing to be tried (*Bollack* v. *Societe Générale pour Favoriser le Development du Commerce et de L'Industrie en France*, 293 N. Y. 652).

In the case before us the affidavit of Dauncey, the surveyor, submitted in opposition, asserts that upon inspection the steel was found by him to be in " essentially sound condition ", and upon four coils there were some dents. (A reference is made to certain photographs which however were not handed up to this court.)

It must be remembered that the point of origin for the steel was not Antwerp and defendant raises the question whether even this minimal damage occurred during the coverage period, or prior thereto. Unless the report and affidavit of Lindekens (plaintiff's surveyor) together with the bill of lading be accepted as conclusive proof of the condition upon shipment from Antwerp, an issue of fact remains as to its condition when coverage attached. The notes of the inspection made at the time, to which Lindekens refers are not a part of this record. Moreover that report refers to " the visible part of the coils ", disclaims any responsibility, and points out that the report " is not evidence of inspection at the time of shipment unless name of the steamer and date of delivery to ship are indicated." Neither appears in the report. Thus, the report and affidavit are not conclusive. Nor does the bill of lading supply the deficiency, for it cannot bind the insurer.

It may be that as to the four coils a reference for assessment could have been made. But this is *de minimis* in the scope of this action and properly should await a trial. It should be remembered the defendant is not required to establish its defense by a preponderance of proof but only to show there is a real issue of fact, and the credibility of the affiant should be determined by the trier of the facts. (*First Trust & Deposit Co.* v. *Dent*, 263 App. Div. 1058.) There are real issues here as to the condition of the steel at the time coverage attached and what, if any, damage occurred which is within the coverage of the policy. Some of us attach some weight to the view that since the defendant is without knowledge of the material facts

its answer should not be stricken (cf. *De France* v. *Oestrike,* 8 A D 2d 735). While that is a factor to be considered, this determination is not predicated upon that view.

The order appealed from should be affirmed upon the law and the facts, with costs to the respondent.

BREITEL and McNALLY, JJ. (dissenting). Of course, the affidavit of plaintiff's surveyor, Mr. Lindekens, is not and it need not be conclusive. The fact is that it is not contradicted and cannot, evidently, be contradicted at this time. This, despite the fact that defendant, according to its statement on argument, has completed its pretrial examination of Mr. Lindekens. In short, defendant is prayerful that it can establish the affirmative of a proposition by casting doubt on Mr. Lindekens' assertions by cross-examination on a trial. This would be no substitute for contradiction then; and, in any event, now Mr. Lindekens' assertions stand uncontradicted.

As to the averments by defendant's surveyor based upon his inspection in New York after shipment, these are admissions of damage. Moreover, he also admitted that all but 37 of the coils were damaged, a condition he attributed to handling in shipment, the very risk insured against. Thus, he stated: " (7) * * * I found 4 coils, about 4.3% of the shipment, actually damaged, but was never able to agree with the plaintiff upon the percentage of damage. I found 52 coils, about 56% of the shipment, with tiny dents which I did not consider to be damage. I found 37 coils, about 39.7% of the shipment, wholly unaffected by any sign of denting or other damage."

As to the unsuccessful attempt to limit the conceded damage to the four coils, there is no *de minimis* rule in summary judgment, and if there were, four coils would not be *de minimis* in this shipment. Consequently, at best, defendant has a right on assessment to limit plaintiff's recovery, but is in no position to deny the fact of recoverable loss under the policy. For rule 113 of the Rules of Civil Practice provides: " 3. The existence of a triable issue of fact as to the amount or the extent of the damages shall not bar the granting of summary judgment."

Accordingly, we dissent and vote to reverse and grant plaintiff summary judgment.

BOTEIN, P. J., RABIN and STEVENS, JJ., concur in *Per Curiam* opinion; BREITEL and McNALLY, JJ., dissent in opinion.

Order, entered on June 2, 1961, affirmed upon the law and the facts, with $20 costs and disbursements to respondent.