## SECOND DEPARTMENT, JULY, 1963

## (July 1, 1963)

LEON HIMMELFARBE, Respondent, v. CATHEDRAL FUNERAL HOME, INC., et al., Defendants; B & F HOME IMPROVEMENT CORP., Appellant, and HARRY

Ostrov, Respondent.— In an action to foreclose a purchase-money second mortgage, the defendant B & F Home Improvement Corp., a mechanic's lienor, appeals from an order of the Supreme Court, Nassau County, dated July 20, 1962, which *inter alia* (a) granted the plaintiff-mortgagee's motion for summary judgment striking out said defendant's answer and counterclaims; (b) severed its cross complaint against the defendant Ostrov for further prosecution; and (c) directed the entry of judgment of foreclosure and sale. Order reversed, with $10 costs and disbursements; motion denied; and judgment of foreclosure and sale, entered September 24, 1962, vacated. In our opinion, there are issues of fact as to whether a conspiracy existed; and, if it did, whether the plaintiff and the defendant Ostrov participated in such conspiracy. If the appellant can establish its contentions, plaintiff may be estopped from asserting that his mortgage is prior and superior to the appellant's lien (*Bedford Lake Park Corp.* v. *Twelve Linden Corp.*, 8 A D 2d 962). The plaintiff's motion to dismiss the appeal on the ground that the order for summary judgment is not appealable because final judgment of foreclosure and sale was subsequently entered is denied. An order for summary judgment is a final order, dispositive of substantial rights, and is appealable on its own merits (cf. *Riley* v. *Southern Transp. Co.*, 278 App. Div. 605; *Morris* v. *Albany Hotel Corp.*, 243 App. Div. 645, affd. 268 N. Y. 641). This view has been recognized by statutory amendment (L. 1942, ch. 212) to section 562 of the Civil Practice Act. Under such amendment the "notice of appeal from an order directing summary judgment  *  *  *  shall be deemed to specify a judgment upon such order entered after service of the notice of appeal and before entry of the order of the appellate court upon such appeal". Accordingly, the judgment is now before the court for review and, since the order is being reversed, it follows that the judgment must be vacated. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.