■ Amos M. Gunsberg et al., Respondents, v. Helen Cantor, Appellant. — In an action to recover $34,150 allegedly due under a written agreement, dated November 29, 1960, defendant appeals (1) from an order of the Supreme Court, Kings County, entered August 27, 1964, which (a) granted plaintiffs' motion for summary judgment; (b) severed defendant's counterclaim "alleging fraudulent representation as to employees' overtime wages" and ordered an early trial thereof; and (c) directed that entry of judgment be held in abeyance pending determination of the severed counterclaim; (2) from an order of said court, entered October 9, 1964 upon reargument which (a) adhered to the original decision; and (b) on plaintiffs' cross motion, amended the order entered August 27, 1964 so as to permit the entry of judgment upon the filing of a $7,500 surety bond; and (3) from a judgment of said court entered November 30, 1964 in favor of plaintiffs for $42,351.69, pursuant to the order entered October 9, 1964. Appeal from order entered August 27, 1964 dismissed, without costs. That order was superseded by the order entered October 9, 1964 which granted reargument. Order entered October 9, 1964 modified (1) so as to include in the counterclaim severed for trial the issues arising from the allegations of fraudulent representations concerning Sophie Askenas; and (2) by striking out of said order the provision permitting entry of judgment upon the filing of a $7,500 surety bond. As so modified, the order is affirmed, without costs. Judgment entered November 30, 1964 vacated, without costs. In our opinion, summary judgment was properly granted to plaintiffs. Defendant submitted no proof of facts which would entitle her to defend against plaintiffs' claim (cf. Nopco Chem. Co. v. Milner, 12 A D 2d 942). We are also of the opinion that the Special Term properly held that a prior determination in the United States District Court was res judicata and required the rejection of defendant's defense, and that portion of the counterclaim based thereon, that plaintiffs had made false representations with respect to the status of a certain group of individuals, to induce defendant to enter into the agreement of November 29, 1960. The District Court expressly found that it had jurisdiction to determine the controversy in which that ruling was made; and in our view the court's finding was res judicata on that question (Chicot County Dist. v. Bank, 308 U. S. 371, 375–378; cf. Stoll v. Gottlieb, 305 U. S. 165, 171–172; Sherrer v. Sherrer, 334 U. S. 343, 350). We are also of the opinion that the order of the District Court constituted a final adjudication on the questions before it, upon which the rule of res judicata could properly be based (cf. Stoll v. Gottlieb, supra; Bannon v. Bannon, 270 N. Y. 484, 489–490; Matter of Wade, 296 N. Y. 244; Riley v. Southern Transp. Co., 278 App. Div. 605). We are also of the opinion, however, that defendant's claim based upon false representations allegedly made by plaintiffs with respect to one Sophie Askenas, as pleaded in her counterclaim and supported by her papers in opposition to plaintiffs' motion for summary judgment, must be determined upon a trial. That question was not passed upon by the District Court and plaintiffs failed to show that it was without merit. Since there must be a trial of that issue, as well as the issue respecting overtime wages as held by the Special Term, and the amount of defendant's damages, if any, cannot be approximated, we believe that entry of the judgment should be held in abeyance pending determination of the counterclaim (cf. Nopco Chem. Co. v. Milner, 12 A D 2d 942, supra). The judgment entered in plaintiffs' favor should therefore be vacated. We find that no facts were presented by defendant in support of her claim that plaintiffs violated a certain "non-competitive" agreement among the parties (cf. M & S

*Mercury Air Conditioning Corp.* v. *Rodolitz,* 24 A D 2d 873). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.