■ Samuel Frantz et al., Respondents, v. State of New York, Appellant. (Claim No. 44027.) — Reynolds, J. Appeal from a judgment of the Court of Claims awarding the respondents a total of $4,141, plus interest, for an appropriation made pursuant to section 30 of the Highway Law. On March 30, 1962 respondents, the owners of roughly 8.5 unimproved acres located on the southerly side of Haskins Road in the Town of Kirkwood, Broome County, signed an agreement of adjustment proposed by an adjuster from the Department of Public Works which called for a settlement for their interests that were taken for $900. This agreement was returned to the Department of Public Works together with a release, an affidavit of title and a voucher. Thereafter, a check for $900 was mailed to respondents. Thereafter, on July 7, 1964, the instant claim was filed against the State alleging damages to respondents' property in the amount of $5,000. On September 7, 1964, the Attorney-General moved by notice of motion to dismiss the claim on the basis of the agreement of adjustment. In opposition to the motion respondents submitted affidavits indicating that while they were shown an appropriation map, they were unable to understand it, that they were told by the adjuster that the construction would result in only a slight slope in the road and improve the lot and access thereto whereas it developed that the grade change in fact would range from 8 feet on the west side to 16 feet on the east side and that they would not have signed the agreement for the sum of $900 if they had known the "drastic effect of the change of grade." Upon argument of the State's motion it developed that although it was established that the check had not been cashed, its exact location could not then be ascertained. Moreover, after the Assistant Attorney-General representing the State had indicated that he had just received a copy of the answering affidavits, which bore the date of September 25, 1965 and the motion was heard September 28, 1965, and had no opportunity to check on their contents, respondents' attorney stated: "I don't think we're going to be able to resolve, in any event. I think there will be a hearing as to the allegation." Whereupon the court after noting the then unresolved question as to what had happened to the check, stated: "Well, in view of the moving papers and the answering affidavit, the motion made by the defendant, State of New York, is denied." No appeal was taken from this order. In March of 1966 the claim came to trial and the State's position was that the agreement of adjustment divested the court of total jurisdiction of the claim or at least to the extent of confirming the award to $900. The Trial Judge ruled that the prior order denying the State's motion had been on the merits and that therefore the State's position was precluded thereby. No testimony as to this issue was accordingly permitted and after proof as to value was

entered by respondents, the State offering no proof of value or even cross-examining respondents' expert, the instant award was rendered. The sole issue here is whether the trial court properly refused to permit the State to prove the agreement of adjustment as a defense to the claim. This in turn depends solely on whether the denial of the motion was on the merits. In our opinion the motion was clearly not decided on the merits and could not have been under the circumstances. The fact that respondents' position was uncontroverted and no application or opportunity was specifically requested to offer rebuttal testimony is not dispositive in the face of the clear demonstration in the record that all parties involved agreed the issues could not be resolved on the affidavits submitted and that a hearing would be necessary. Moreover, while the court had the discretion to order an immediate trial of the issue raised on the motion (CPLR 3211, subd. [c]), its failure to do so or the moving party's failure to request the same does not, of course, mean that that issue must have been decided on the merits. Nor is the question of the appealability of the denial relevant here since the State does not, and could not, question the propriety thereof. Accordingly, the prior motion not having been decided on the merits, the State could properly raise the agreement as a defense at the trial and require that respondents sustain their burden of proving the invalidity thereof (see *Sullivan* v. *Kowalinski*, 22 Misc 2d 687; *Rotz* v. *Coral*, 22 Misc 2d 670; *Humphreys* v. *Suppa*, 22 Misc 2d 660). Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.