OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notice of appeal from the decision dated January 6, 2011 is deemed a premature notice of appeal from the judgment entered February 28, 2011 (see CPLR 5520 [c]); and it is further ordered that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of judgment in favor of defendant dismissing the complaint.
In this action by a provider to recover assigned first-party no-fault benefits, the Civil Court (Devin P Cohen, J.), on November 12, 2010, granted defendant’s motion for summary judgment dismissing the complaint. Nevertheless, the action subsequently proceeded to trial before Judge Johnny Lee Baynes. At the non-jury trial, defendant’s counsel advised the court of the existence of the summary judgment order and that the order had been issued in open court following oral argument. However, the court ruled that the order was not binding because it had not been served with notice of entry on plaintiffs counsel. Following the trial, judgment was entered in favor of plaintiff in the principal sum of $1,061.63.
A grant of summary judgment is the procedural equivalent of a trial (see Falk v Goodman, 7 NY2d 87, 91 [1959]; News Am. Mktg., Inc. v Lepage Bakeries, Inc., 16 AD3d 146 [2005]), and an order granting such relief is as final and as conclusively determinative of all issues in an action as is a judgment after *50 trial (see Engel v Aponte, 51 AD2d 989 [1976]; Riley v Southern Transp. Co., 278 App Div 605 [1951]). Thus, since the grant of summary judgment operates as a final determination on the merits of the claims in question, once a court has granted such a motion based on the facts adduced before it, the doctrine of res judicata applies (see Buckley & Co. v City of New York, 121 AD2d 933 [1986]; Cebron v McBride Dev. Corp., 93 AD2d 876 [1983]; Eidelberg v Zellermayer, 5 AD2d 658 [1958], affd 6 NY2d 815 [1959]), as does the doctrine of law of the case. Therefore, an order granting summary judgment is binding on all other judges of coordinate jurisdiction (see Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933 [2011]), and the conclusive effect of such an order may not be fatally undermined, as it was here, by allowing the party whose action was dismissed a second chance to litigate the matter (see Buckley & Co., 121 AD2d at 935). Despite plaintiffs contention to the contrary, the decision of the Appellate Division, Second Department, in Lyons v Butler (134 AD2d 576 [1987]), does not stand for the proposition that an order granting summary judgment has to be served together with notice of entry on the adverse party in order for it to take effect against that party. Rather, that case states that, unlike an order granting summary judgment, which finally disposes of an action and determines all of the issues between the parties (see Riley, 278 App Div 605), a conditional order, where compliance by a party is necessary, has to be served together with notice of entry for it to be binding.
We note in passing that, under the circumstances presented, even if the trial court thought that the order granting summary judgment was not enforceable at the time of trial, the better practice would have been to exercise its discretion and grant defendant’s counsel’s request for an adjournment so as to afford defendant an opportunity to take any steps necessary to render the order enforceable instead of wasting scarce judicial resources conducting a trial after summary judgment had already been granted to defendant.
Accordingly, and as plaintiff has raised no issue with respect to the merits of defendant’s motion for summary judgment, the judgment is reversed and the matter is remitted to the Civil Court for the entry of judgment in favor of defendant dismissing the complaint.
Weston, J.P., Pesce and Aliotta, JJ., concur.