Active Care Medical Supply Corp., as Assignee of Gabriel Sanford, Respondent,
against
American Commerce Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered February 25, 2015. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action to recover assigned first-party no-fault benefits, plaintiff seeks to recover for supplies it provided to its assignor for injuries he had sustained in a motor vehicle accident on February 27, 2012, to which claim defendant assigned claim number 1126518. Prior to the commencement of this action, defendant instituted a declaratory judgment action in the Supreme Court, New York County, against plaintiff's assignor and various medical providers, including plaintiff herein. In an order dated April 25, 2014, the Supreme Court granted, on default, the motion therein for a declaratory judgment, which order stated, among other things, "that, for the purpose of claims submitted by GABRIEL SANFORD, ACTIVE CARE MEDICAL SUPPLY CORP. . . . , defendant GABRIEL SANFORD is not an eligible injured person entitled to no-fault benefits under AMERICAN COMMERCE INSURANCE COMPANY insurance policy ACPA-000653448, Claim No.: 1126518, and [American Commerce Insurance Company] is not obligated to pay for claims seeking no-fault benefits for services or goods provided to GABRIEL SANFORD under this claim number."
In July 2014, defendant, among other things, moved in the Civil Court for summary judgment dismissing the complaint on the ground that the April 25, 2014 Supreme Court order in the declaratory judgment action barred the instant action pursuant to the doctrines of res judicata and collateral estoppel. By order entered February 25, 2015, the Civil Court denied defendant's motion without prejudice to renewal upon proper papers. The court found that it could not consider the Supreme Court declaratory judgment order annexed to the moving papers because defendant had not included a notice of entry for that order.
Contrary to the determination of the Civil Court, it should have reviewed and considered the Supreme Court declaratory judgment order even though defendant did not provide a notice of entry for it "in view of the binding and conclusive effect of the order" (Great Health Care Chiropractic, P.C. v American Tr. Ins. Co., 44 Misc 3d 143[A], 2014 NY Slip Op 51324[U], *1 [*2][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; see All Boro Psychological Servs., P.C. v Travelers Prop. Cas. Co. of Am., 44 Misc 3d 48 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). A review of the record establishes that the instant action is barred under the doctrine of res judicata by virtue of the Supreme Court order dated April 25, 2014 (see Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). To hold otherwise could result in a judgment in this action which would destroy or impair rights established by the order issued by the Supreme Court in the declaratory judgment action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U]). Moreover, the Supreme Court's order is a conclusive final determination notwithstanding that it was entered on default, and res judicata applies to an order or judgment taken by default which has not been vacated (see Lazides v P & G Enters., 58 AD3d 607 [2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 688, 690 [2006]; Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: December 15, 2016